## KNUD K. FORAAST
### v.
## DAVID HYMAN ET AL.

*Constructive Trust—Bill to Enforce—Interest of Bankrupt—Assignee.*

The provisions of the bankrupt act operate to vest all the rights of the bankrupt in respect to whatever property he may hold, under whatever title, whether legal or equitable, except such rights as are expressly excluded by said act from its operation, in his assignee.

[Opinion filed February 10, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. DALE & FRANCIS and F. W. BECKER, for appellant.

An absolute conveyance of real estate, with an agreement from the grantee to reconvey upon certain conditions, vests the whole estate in the grantee, subject to be defeated; but until defeated by act of the grantor, the estate, with the possession and the ordinary incidents of ownership, are in the grantee. 2 Washburn on R. P., 37, 3d Ed.

That the Hyman agreement was an agreement to reconvey, and not an equitable mortgage, is, we think, apparent, because *prima facie* there is nothing to indicate that the transaction was a mortgage, but simply an absolute conveyance with an agreement to reconvey on a certain contingency. Moreover, the indebtedness of complainant to Hyman became merged in the judgment obtained, which in turn was satisfied by the levy, so that there was nothing remaining for the supposed mortgage to secure (an essential element of a mortgage). No new note or agreement to secure the money advanced by

Hyman on the $1,600 incumbrance was given by complainant; the contract to reconvey does not bind complainant to pay one dollar, but merely provides that Hyman "would, as a favor to complainant, hold the title subject to redemption by complainant, whenever, if ever, he should be able to redeem." The personal debt of complainant to Hyman being satisfied, and no absolute promise having been made by complainant to reimburse Hyman for his advances on the incumbrance, there was no debt for a mortgage to operate upon, and hence the transaction can not be held to be a mortgage.    Rue v. Dole, 107 Ill. 275.

It follows, therefore, that at the time of complainant's bankruptcy the title to the lot in question was vested in Hyman, and that complainant had no interest in it which then could be enforced either at law or in equity, since he was not then able to redeem; and only a vested interest, available in law or equity to complainant or his creditors under the State law, could pass to his assignee in bankruptcy.    Spindle v. Shreve, 111 U. S. 542.

Such an interest stands in the same category as the wife's inchoate right of dower in the lifetime of her husband, or the right of a purchaser of land at an execution sale before the expiration of the period of redemption, interests so contingent and uncertain that they never have been regarded as property liable to be sold on execution: Bowman v. The People, 82 Ill. 246; or a bequest of money to be derived from the sale of land in expectancy and contingent upon the death of another, which is not regarded as such an interest as can be levied on: Baker v. Copenbarger, 15 Ill. 103; or the right of a mortgage in real estate before foreclosure or entry for condition broken: Nicholson v. Walker, 4 Ill. App. 404; or the right of redemption from a sale on execution, which is designed by law, as the right to redeem was designated by the Hyman agreement, "as a favor to the debtor": Merry v. Bostwick, 13 Ill. 398; all of which are illustrations of estates so contingent and uncertain "as never to have been regarded as property liable to be sold on execution, for the reason that it can not then be known with any degree of certainty what the officer is selling."    Bowman v. The People, *supra.*

It follows, therefore, that the right to redeem when the ability accrued never became a vested interest in the complainant until his bill was filed herein. Theretofore inchoate, it then became absolute; theretofore a mere possibility of right, it then became an interest which was enforceable in equity, but an interest which had accrued since bankruptcy, and therefore not affected by it. In re James Benson, 8 Biss. C. C. 116.

Whatever may be the decisions in other States, it is confidently submitted that under the decisions in this State, such an interest as the one contemplated is neither assignable, nor subject to levy; and it is the law of the situs of the property that we are to look to in order to determine its character and its assignability in bankruptcy. Spindle v. Shreve, *supra*.

Mr. IRA W. BUEL, for appellee Hyman.

Mr. HOWARD HENDERSON, for appellee Schreiber.

MORAN, P. J. Appellant filed his bill, in which he alleged that in 1874 he was the owner of a certain lot in Cook county, subject to an incumbrance for $1,600; that he was at that time indebted to Hyman, defendant, in something over $400, and, being unable to meet the indebtedness, he stated his condition to Hyman, who proposed that appellant should execute to him a judgment note, so that he, said Hyman, might have a judgment entered thereon and the said lot sold on execution, at which sale Hyman would purchase it, and would also purchase it at the foreclosure sale of the $1,600 incumbrance, and said Hyman agreed that he would, as a favor to appellant, hold the title to said lot subject to redemption by appellant whenever, if ever, he should be able to redeem the same, upon payment of the said indebtedness and the amount loaned by Hyman, with interest, appellant and his wife to quit-claim to Hyman the said lot. This proposition was accepted and acted upon by appellant, and the lot was purchased in by Hyman and was quit-claimed to him by appellant. It is also alleged that at the time of said transactions the lot was worth

at least $5,000; that Hyman paid nothing to appellant therefor, and that the only consideration which moved appellant to carry out said scheme was the faith he had that Hyman would, as he agreed, after acquiring the title to said lot, hold it as a trustee for complainant, with the right in complainant personally to have a reconveyance upon compliance whenever he should be able to comply with the terms of said contract. That in 1876 appellant was adjudged a bankrupt, an assignee was duly appointed, and appellant finally discharged in bankruptcy. That in 1881 Hyman conveyed said lot to one Schreiber, who is made a defendant, but that said Schreiber was not a *bona fide* purchaser, but had full notice of said Hyman's agreement. That appellant has never till this time been financially able to undertake to compel Hyman to perform his agreement; that he is now ready and willing to pay Hyman any balance which may be due him on an accounting on the basis of said agreement, and prays for an establishment of the agreement and a decree directing a reconveyance, etc.

A demurrer to the bill was sustained, and the bill dismissed for want of equity, and from said decree this appeal is prosecuted.

It must be conceded that if the verbal agreement made by Hyman created in appellant any substantial interest, either legal or equitable, in the lot in question, such interest passed by virtue of his adjudication in bankruptcy and the appointment of his assignee, to said assignee. The terms of the law are as broad and comprehensive as could well be devised, and must operate to vest all the rights of the bankrupt existing at the date of filing the petition in respect to whatever property he may hold, under whatever title, whether legal or equitable, except such rights as are expressly excluded by the act itself from its operation. R. S. U. S., Sec. 5046; Rea v. Richardson, 56 Ala. 396; Monongahela National Bank v. Overholt, 96 Pa. St. 327; Robinson v. Denny, 57 Ala. 492.

The case last cited is one in which a redemption of land was attempted under facts somewhat similar to those of this case, and the court held, as is clearly the law, that if a right of

redemption did exist, it could only be asserted by the assignee . after the bankruptcy of the one in whose favor it had at the time of the bankruptcy existed.

Appellant contends, however, that the particular agreement as to the redemption set up in this case, did not create an equity of redemption in the usual understanding of that term. Counsel argue that appellant had only a personal privilege or a power, and likens it to a vendor's lien which is not assignable. Perry, in his work on Trusts, Sec. 234, says of a vendor's lien, that it is no estate in the land. "It is neither *jus in re* nor *jus ad rem*. It is the mere possibility of a right, until it is established by a final decree of a court in each case. It is not a direct trust in the land itself, but a collateral trust for the security of the debt." This vendor's lien is a lien or trust created or constructed by equity as resulting upon certain conditions. It can not be created by contract, and regarding it as a trust, it has features peculiar to itself and not found in or pertaining to other resulting or constructive trusts. It is impossible that a trust or right similar in the quality of non-assignability could be created or retained in favor of an individual by a contract to which he was a party.

Counsel is quite ingenious in attempting to describe what resulted from the contract to his client and remained to him after the bankruptcy. His effort appears to be to give to equitable nothingness a technical description and a name. Without entering upon the discussion of various ingenious refinements presented by the argument, we affirm the decree on the ground that whatever right remained in him or accrued to him by his arrangement with Hyman, passed from him by his bankruptcy and can now be asserted, if at all, by his assignee only.

*Decree affirmed.*