### E. X. Leseure v. James K. P. Weaver et al.

1. BANKRUPTCY—*Trustee Alone May Maintain a Creditor's Bill to Reach Property Conveyed in Defraud of Creditors.*—By section 70 of the federal bankruptcy act, the trustee of an estate of a bankrupt, upon his appointment and qualification, shall in turn be vested, by operation of law, with the title of the bankrupt, as of the date when he was adjudged a bankrupt, to all property transferred by him in fraud of his creditors, and to all property which, prior to the filing of the petition, he could by any means have transferred or which might have been levied upon and sold under judicial process against him, and he alone may maintain a creditor's bill to reach such property.

2. SAME—*Adjudication in Bankruptcy and Appointment of Trustee, a Good Defense.*—The adjudication in bankruptcy and the appointment and qualifying of a trustee is a complete defense to a creditor's bill filed to reach property fraudulently conveyed by the bankrupt.

Creditor's Bill.—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

R. M. PEADRO, attorney for appellant.

HARBAUGH & THOMPSON, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

For the purpose of obtaining satisfaction of a judgment for $2,577.65, which appellant held against appellee J. P. Weaver, appellant filed in the Circuit Court of Moultrie County a creditor's bill against him and other defendants who were charged with holding property of Weaver's in fraud of the rights of creditors. The bill prayed for a complete discovery of such property and that the conveyances under which it was held be set aside.

To the bill, the defendants filed a joint plea setting up that the principal debtor, James K. P. Weaver, had been

adjudged a bankrupt;. that he filed in the bankrupt proceedings a schedule of his liabilities and that in this schedule was included the judgment of appellant; that appellant produced in the court of bankruptcy, against the estate of the bankrupt, the judgment; that appellant attended the meeting of creditors and voted for the selection of H. Clay Wilson as trustee; that H. Clay Wilson was selected and qualified as trustee and is still acting as such; that Weaver has been discharged, but the estate has not yet been settled; that the judgment in question is a proper claim and is not exempt from the discharge in bankruptcy. The plea alleges that H. Clay Wilson, the trustee, is the proper party complainant in this suit and that it can not be maintained except in his name.

The Circuit Court denied a motion of appellant to strike the plea from the files and afterward overruled his demurrer to it. He stood by his demurrer and the court entered a judgment on the plea in bar of the action. He brings the record to this court and urges that his motion to strike the plea from the files should have been sustained because the matter set up in the plea is not such as can be availed of in a plea, and that the demurrer should have been sustained because the bankruptcy proceedings set up in the plea could not affect a creditor's bill pending in a state court at the time such bankruptcy proceedings were commenced.

It is not denied that the discharge of Weaver as a bankrupt was a bar to that portion of appellant's bill that sought a personal decree against him. But the contention is that neither his discharge, nor the pendency of proceedings to settle up his estate, can preclude a judgment creditor from filing a bill in the state court to uncovered property which has been frauduently conveyed by the bankrupt. It is provided by section 70 of the federal bankruptcy act, " that the trustee of an estate of a bankrupt, upon his appointment and qualification, shall in turn be vested, by operation of law, with the title of the bankrupt, as of the date when he was adjudged a bankrupt, to all property transferred by him in fraud of his creditors,

and to all property which, prior to the filing of the petition, he could by any means have transferred or which might have been levied upon and sold under judicial process against him." If, then, the co-defendants of Weaver hold property which has been transferred by him in fraud of his creditors and which they hold in secret trust for him, it passed to the trustee in bankruptcy, and he alone can maintain a creditor's bill to reach the property. Trimble v. Woodhead, 102 U. S. 647; Moyer v. Dewey, 103 U. S. 301; Jolly v. Fitzgerald, 23 Ill. App. 519; Foraast v. Hyman, 37 Ill. App. 636; Lane v. Nickerson, 99 Ill. 284. Not only can the trustee sue to recover the property, but it is his duty to do so in the interest of the creditors. The above mentioned section of the bankruptcy act provides "that the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he be a *bona fide* holder for value prior to the date of adjudication. And if the trustee does not voluntarily take the necessary steps to recover all the property of the bankrupt, including property transferred by him in fraud of his creditors, the creditors can, by petition, compel him to do so or he will be removed and another trustee appointed." This provision afforded appellant, or any other creditor, ample remedy. In this very suit, he could, on leave of the court, have substituted H. Clay Wilson, trustee, as party complainant and reached the property which he alleges was fraudulently transferred, had he seen fit to do so. He did not do so for the evident reason that he desired to reap alone the fruits of such litigation; and the exclusive enjoyment of such fruits, the bankruptcy act will not allow him. Section 67 of the act provides "that all levies, judgments, attachments or other liens obtained through legal proceedings, against a person who is insolvent at any time within four months prior to the filing of the petition of bankruptcy against him, shall be declared null and void in case he

is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other liens, shall be wholly discharged and released from the same, and shall pass to the trustee as part of the estate of the bankrupt."

Appellant's bill was filed in the Circuit Court within four months of the filing of the petition in bankruptcy. Hence, the lien that would otherwise have resulted was dissolved, and the property sought to be reached passed to the trustee.

Appellant plants his contention upon the authority of Phelps v. Curts et al., 80 Ill. 109. A careful examination of that case shows that in several material features it differs from this one. In that case, the creditor did not prove his claim against the bankrupt's estate, as was done by appellant in this case. In that case the lien of the creditor's bill was obtained several years before the filing of the petition in bankruptcy and for that reason was not affected by the adjudication in bankruptcy; while in this case, the creditor's bill was filed within four months prior to the filing of the petition in bankruptcy. In Phillips v. Curtis et al., the assignee (trustee) had been discharged and the period of limitation had passed in which he could bring an action to reach the property. In the case at bar, the trustee is still acting and the estate is still open and unsettled. Holding, as we do, that the adjudication in bankruptcy and the appointment of Wilson as trustee dissolved any lien coming to appellant by virtue of his creditor's bill, and that the trustee alone can maintain a suit to reach the property held in secret trust by the co-defendant of Weaver, the plea is a good one. That such a defense is available to these appellees is so familiar under the rules of chancery pleading that the citing of authorities is unnecessary. The judgment of the Circuit Court is affirmed.