■ RAFAEL COLON, JR., an Infant, by His Guardian ad Litem, RAFAEL COLON, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants, and JULIUS SCHULMAN CONSTRUCTION CORPORATION, Appellant-Respondent, et al., Defendant. JULIUS SCHULMAN CONSTRUCTION CORPORATION, Third-Party Plaintiff-Appellant, v. ANDREW BEDDEN, Third-Party Defendant-Respondent. JULIUS SCHULMAN, Second Third-Party Plaintiff-Appellant, v. ANDREW BEDDEN, Second Third-Party Defendant-Respondent.—

Concur — Botein, P. J., Rabin and Steuer, JJ.; Breitel and Valente, JJ., dissent in part in the following memorandum by Breitel, J.: Because Schulman's liability to infant plaintiff is predicated on the alternative doctrine of inherently dangerous work, it was cast in liability not for specific negligence in the doing of the work but for failure to provide safeguards so that the dangerous work, whether otherwise done negligently or not, would not result in injury to those situated as the infant plaintiff (Prosser, Torts [2d ed.], p. 357 *et seq.*; 3 Restatement, Torts, § 413 as distinguished from §§ 416 and 427). In this respect Schulman's failure to notify the school principal of the commencement of work was a proximate and concurrent cause, *in pari delicto*, with the fault of Bedden (the subcontractor) and the Board of Education (the owner) in causing the accident. It was not shown that Bedden owed to Schulman any greater duty than to notify the "office" as instructed by Schulman. This duty he discharged by notifying the school building superintendent. He was never charged by Schulman or anyone with the duty to inform the school principal, or to provide barriers around the area of the boom fall, or to see that the children were excluded from the lower yard. Schulman, on the other hand, had just such duties under his agreement with the Board of Education. Hence, Schulman has no claim over, as a matter of law (*Crawford* v. *Blitman Constr. Corp.*, 1 A D 2d 398; Restatement, Restitution, § 102, cf. § 95). Moreover, in the case as tried and charged to the jury, Bedden's negligence in the doing of the work was not the fulcrum of Schulman's liability, but Schulman's own breach of duty was (cf. Restatement, Restitution, § 96). Accordingly, I dissent in part and vote to affirm the judgment in all respects. Settle order on notice.