**Jerome BLUM et al., Defendants Below, Appellants,**

v.

**Esther KAUFFMAN, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 5, 1972.

Rodman Ward, Jr. and Walter P. Mc-Evilly, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendants below, appellants.

Albert L. Simon, Wilmington, for plaintiff below, appellee.

Before CAREY and HERRMANN, Associate Justices, and DUFFY, Chancellor:

PER CURIAM:

In this action by the plaintiff tenant against the defendant landlords for losses resulting from a burglary of the plaintiff's apartment the defendants filed a motion for summary judgment. The Superior Court denied the motion and the defendants appeal.

In denying the motion, the Superior Court considered the issues of negligence, proximate causation, and the landlords' asserted immunity under the provisions of the lease. As to negligence and proximate cause, the Superior Court stated that those issues were for the jury; as to the immunity provision, the Superior Court decided that the clause in the instant lease does not entitle the defendants to immuni-

ty from their own negligence and to summary judgment as a matter of law.

We reach the following conclusions upon the pending motions of the appellee:

■ 1) The motion to dismiss the appeal is granted as to the issues of negligence and proximate cause. In deciding that the defendants were not entitled to summary judgment as to those issues, and that they are for the jury, the Superior Court did not finally determine any substantial issue and establish any legal right. Accordingly, the interlocutory order is not appealable as to those issues. Pepsico, Inc. v. Pepsi Cola Bottling Co. of Asbury Park, Del.Supr., 261 A.2d 520 (1969).

■ 2) The motion to dismiss the appeal is denied as to the immunity issue. Insofar as that question was concerned, the denial of summary judgment did determine a substantial issue and establish a legal right. Accordingly, the interlocutory order is appealable as to the immunity issue.

■ 3) The appellee's Rule 8(2) motion for affirmance of the order below is denied for the reason that the issue of the defendants' immunity, under the lease provision and the facts of the instant case, is not clearly controlled by settled Delaware law. The only relevant Supreme Court decisions on the question of immunity from liability for negligence are Wilmington Housing Authority v. Williamson, Del. Supr., 228 A.2d 782 (1967) and Pan American World Airways v. United Aircraft Corporation, Del.Supr., 163 A.2d 582 (1960). Neither of those cases is controlling under the facts of the instant case. Therefore, this appeal as to the immunity issue may not be said to be "unquestionably without merit" within the meaning of Rule 8(2).

\* \* \*

The appeal will proceed upon the issue of immunity. The appellee's brief upon that issue only will be filed in due course.