**Jerome BLUM et al., Defendants Below, Appellants,**

v.

**Esther KAUFFMAN, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Sept. 7, 1972.

Rodman Ward, Jr. and Walter P. McEvilly, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendants below, appellants.

Albert L. Simon, Wilmington, for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and DUFFY, Chancellor, sitting.

CAREY, Justice:

The appellants, co-partners trading under the name of Brodney Associates, own and operate an apartment building in Wilmington. The appellee, Esther Kauffman, was the tenant of an apartment in that building.

Appellee's apartment was forceably burglarized on August 31, 1967, by an unknown person while she was absent. Certain jewelry was stolen. She filed the present action in Superior Court to recover the value of the stolen property upon the theory that appellants were negligent in failing to

provide proper safeguards against burglary, despite their knowledge of certain former episodes of that type within the building. The appellants moved for summary judgment on two grounds: first, the record shows no actionable negligence on their part; and, secondly, the lease exonerates them from liability for the burglary. The Court below denied summary judgment, holding that there was sufficient evidence to justify a trial on the issue of negligence, and that the lease did not exonerate the appellants. Only the latter issue is presently before us. See Del.Supr. 286 A.2d 757.

The lease provision herein considered reads as follows:

"Lessor shall not be liable to the Lessee, members of his family and guests for any damage, compensation or claim arising from the necessity of repairing any portion of the building, the interruption in the use of the premises, or the termination of this lease by reason of the destruction of the premises nor from any fire, robbery, theft and/or any other casutlay [sic.]"

■ Different types of exoneration clauses have been considered by this Court in Wilmington Housing Authority v. Williamson, Del.Supr., 228 A.2d 782 (1967) and Pan American World Airways v. United Aircraft Corp., Del.Supr., 3 Storey 7, 163 A.2d 582 (1960). Those decisions demonstrate the policy of this Court to look with disfavor upon clauses which exonerate a party from the consequences of his own negligence or that of his agent. The contract must clearly and unequivocally spell out the intent to grant such immunity. If the language used can be construed as not conferring immunity, it will be so interpreted. Pan American World Airways v. United Aircraft Corp., *supra*. This policy was enunciated as the law in Delaware in Marshall et al. v. Maryland, D. & V. Ry. Co., Del.Super., 1 W.W.Harr. 170, 112 A. 526 (1921), and has been followed ever since.* It appears to be the general rule in other states. Dilks v. Flohr Chevrolet, Inc., 411 Pa. 425, 192 A.2d 682 (1963).

■ The clause here involved does not mention the word "negligence." The appellants point out, however, that the loss was due to a theft, and argue that it is therefore covered by the exculpatory provision. The defendants, however, are not herein sued for a simple theft; they are sued for a loss which plaintiff contends would have been prevented by their exercise of proper care in providing protection against it, that loss being the result of a burglary, i. e., a breaking and entering into the apartment for the purpose of stealing. In short, there may be exoneration for simple theft, but there is not for burglary. Moreover, the lease is a lengthy document obviously drawn with great care and expertise; other clauses therein specifically provide for immunity from liability for certain losses resulting from the landlord's negligence; yet those classes do not include a loss of this particular type. This omission is significant. We must assume that the obviously careful draftsman of the lease would have specifically provided for exoneration for this type of claim if that result had been intended. We cannot hold that the agreement "clearly and unequivocally spells out an intent to grant immunity" for the loss in this case. At the trial, it will of course be necessary for the appellee to prove all the elements of a negligence case.

The Court below was correct in denying the motion for summary judgment, and its order will be affirmed.

---

* With respect to leases of apartments, our Legislature has created an even stricter policy by the adoption of 25 Del.C. § 5111, under which exoneration agreements of this type are forbidden. That Act became effective on June 12, 1970, and does not govern this case.