**STATE of Delaware, Defendant Below, Appellant,**

v.

**INTERSTATE AMIESITE CORPORATION, a corporation of the State of Delaware, Defendant Below, Appellee.**

Supreme Court of Delaware.

Sept. 20, 1972.

William F. Taylor, and Ben T. Castle of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Roger P. Sanders, and Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal by the State Highway Department (the State) from a post-trial ruling of the Superior Court denying it indemnification from Interstate Amiesite Corporation, a codefendant, (Amiesite) for that percentage of the verdict assessed by the jury against the State.

This was an action brought for personal injuries by several persons, passengers in two automobiles suffering a head-on collision on Delaware Route 24 at a point where road repairs were taking place. The defendants were the driver of one of the cars which struck a pothole in his lane of traffic which propelled it into the lane of travel of the other automobile, and the State and Amiesite, which had entered into a contract for Amiesite to do the required repair to Route 24. By reason of the requirement of 29 Del.C. § 6910, the State had insisted that the contract contain a provision requiring Amiesite contractually to bear all responsibility for damage claims on account of its operations.

The issues of liability against all three defendants, viz., improper driving on the part of the driver, improper construction work by Amiesite, and improper supervision of the work by the State, were submitted to the jury. The jury returned a substantial verdict against all defendants and apportioned the fault among them as follows: the driver, 35%, Amiesite, 45%, and the State, 20%.

The Trial Judge made several post-verdict rulings. Only one of these is before us in this appeal. This ruling is that "the State Highway Department is not entitled to indemnification [from Amiesite] for its liability as found by the jury for its own failure to adequately supervise." The State seeks reversal only of this part of the judgment.

The contract between the State and Amiesite contains the following indemnification provision:

*"Article 7.13   Responsibility for Damage Claims:*

"The contractor shall indemnify and save harmless the Department, its officers and employees, from all suits, actions, or claims of any character brought because of any injuries or damage received or sustained by any person, persons, or property on account of the operations of the said contractor; or on account of or in consequence of any neglect in safeguarding the work; or through use of unacceptable materials in constructing the work; or because of any act or omission, neglect, or misconduct of said contractor; or because of any claims or amounts recovered from any infringements of patent, trademark, or copyright; or from any claims or amounts arising or recovered under the 'Workmen's Compensation Act,' or any other law, ordinance, order, or decree; and so much of the money due the said contractor under and by virtue of his contract as may be considered necessary by the Department for such purpose may be retained for the use of the State; or, in case no money is due, his surety may be held until such suit or suits, action or actions, claim or claims for injuries or damages as aforesaid shall have been settled and suitable evidence to that effect furnished to the Department; except that money due the contractor will not be withheld when the contractor produces satisfactory evidence that he is adequately protected by public liability and property damage insurance."

■ We note initially that there is evidence in the record, if accepted by the jury, which supports its verdict as to the fault of both the State and Amiesite. We assume that the jury accepted this evidence and, accordingly, we have before us only the sole legal question as to whether or not a contracting party may by contract insulate itself against its own negligent act. We have no concern with any of the factual issues resolved by the jury.

■ The first point raised by the State is that the defect in the temporary roadway,

which certainly was one of the main contributing causes of this accident, i. e., the deep pothole, was caused by a defect in the work of Amiesite and, therefore, it was a condition created by the operations of Amiesite and, under the express terms of the indemnification clause of the contract, required Amiesite to recompensate the State for a damage claim successfully asserted against it.

This argument, however, ignores the fact that the jury has found the State to have been liable for its negligent failure to properly supervise Amiesites' work and has found it to be liable on the total claim to the extent of 20%. We think, therefore, that the liability imposed upon the State cannot be said to have resulted "on account of the operations" of Amiesite. The fact is that the plaintiffs are now recovering from the State for damages resulting from its own negligence, and not for a claim asserted against the State "on account of the operations" of Amiesite.

At common law there was no duty placed upon a contractor to make restitution or indemnification to the principal as to a claim for damages arising out of the principal's own negligence. Hollingsworth v. Chrysler Corporation, Del.Super., 8 Storey 236, 208 A.2d 61 (1964); Bar Steel Construction Corp. v. Read, Del.Supr., 277 A.2d 678 (1971).

Second, the State argues that even if that was the rule at common law, the indemnification agreement in the contract at bar requires indemnification from Amiesite of all damage claims made against the State and arising out of the subject of the contract, irrespective of the negligent act or acts which caused the injury.

■ In effect, the argument is that a principal may contract with a contractor and provide that the contractor must assume liability for all damage claims arising out of the work required by the contract. In the *Bar Steel* case we recognized that this may be done by contracting parties and enforced by the courts irrespective of the common law rule. We, however, recognized the general rule that such a contract provision must be crystal clear and unequivocal in requiring the contractor to assume all liability for damage claims, whichever party may have been guilty of the negligence which actually caused the injury. This prerequisite is well exemplified by the *Hollingsworth* case and we approve it. Cf. Blum v. Kauffman, Del. Supr., 297 A.2d 48 (1972).

■ Applying that test, we think the indemnification provision before us is not crystal clear and sufficiently unequivocal to require Amiesite to indemnify the State for damages collected for the State's own negligence. The failure of the contract to so require is fatal to the State's argument. The clause on its face applies only to such claims based on the negligence of Amiesite which may be recovered against the State. It does not purport to indemnify the State against its own acts of negligence.

■ Finally, we think we should briefly refer to the cross-appeal filed by Amiesite. This was docketed as a precaution by Amiesite in order to be able to argue the decision of the Court below that 6 Del.C. § 2704 is not applicable in the case at bar. Of course, our holding in the State's appeal will dispose of the cause, but we think for the future we should comment briefly upon this point.

The statute in question declares void and unenforceable, as against public policy, any provision in a contract between the State, any County, Municipality, etc., relating to the construction or maintenance of a road, bridge, etc., which purports to indemnify certain classes of contractors for their negligence.

This section was thoroughly considered by the Superior Court in Wenke v. Amoco Chemicals Corporation, Del.Super., 290 A.2d 670 (1972), and held to be applicable solely to indemnity clauses in contracts involving preconstruction designers and planners. We agree with the conclusion of the Superior Court in this respect.

The judgment below is affirmed.