Carol Lee HANBY, Trustee for David S. M. Hanby, and Carol Lee Hanby, Trustee for Hillery A. R. Hanby, Plaintiffs Below, Appellants,

v.

MARYLAND CASUALTY COMPANY, a Maryland corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

April 1, 1970.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for plaintiffs below, appellants.

F. Alton Tybout, of Tybout & Redfearn, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., CAREY, J., and DUFFY, Chancellor, sitting.

DUFFY, Chancellor:

This appeal brings up for review an order of the Superior Court staying the action until completion of appraisal proceedings pursuant to the terms of a policy of fire insurance.

I

Carol Lee Hanby, Trustee for David S. M. Hanby, and Carol Lee Hanby, Trustee for Hillery A. R. Hanby (plaintiff), is the owner of real property in Wilmington which was insured against fire and rental income loss by Maryland Casualty Company (defendant). The premises were substantially damaged by fire on May 29, 1969. Thereafter representatives of the parties entered into negotiations looking toward restoration of the premises. Each side secured an estimate of the cost of repair and for present purposes it is sufficient to say that there was a difference of several thousand dollars between the two figures. When it appeared that an agreement was not going to be reached, plaintiff filed suit on September 12, 1969. On October 6 counsel for Maryland advised plaintiff's counsel that defendant desired appraisal to determine the amount of loss. On December 23 the Superior Court, on Maryland's motion and over plaintiff's objections, entered the order staying all proceedings until appraisal was completed in accordance with the contract of insurance. This appeal followed.

II

We first consider Maryland's argument that the appeal should be dismissed since the order entered below was not appealable.

It is settled law that an interlocutory order is not appealable unless it does two things: it must determine a substantial issue in the cause and it must establish a legal right. Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park, Del.Supr., 261 A.2d 520 (1969); Nadler v. Bohen, Del.Supr., 238 A.2d 836 (1968). And it is equally settled law that the grant or denial of a stay by a trial court lies within the discretion of that court. General Foods Corporation v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681 (1964); Auerbach v. Cities Service Company, 37 Del.Ch. 381, 143 A.2d 904 (1958); Lanova Corporation v. Atlas Imperial Diesel Engine Co., 5 Terry 593, 64 A.2d 419 (1949). But it does not follow in every case that the granting of a stay is not appealable. On the contrary, this Court will examine the basis on which the trial court granted the stay and, if a substantial issue was determined and a legal right established,

the order thereon is appealable. In short, we look beyond the technical result (i. e., "stay") to see what the Court did.

■ Applying this test, we conclude that an appeal lies from the order below. Plaintiff had argued that Maryland waived its right to appraisal by waiting more than a reasonable time before asking for it. The Court rejected that argument and, in effect, left the parties to proceed with appraisal in accordance with what the Court said was their own agreement. The ruling thus foreclosed later argument on the question of waiver and, in our view, that settled a substantive legal right adverse to plaintiff.* In terms of *Nadler* the Superior Court order accomplished two things: it determined a substantial issue (whether Maryland had waived a contract right), and it established that Maryland has a legal right to have the loss determined, prior to trial, by an appraisal proceeding. For this reason the order is appealable and it follows that Maryland's motion to dismiss the appeal will be denied.

### III

We turn now to the merits. The policy issued by Maryland provided in part as follows:

"In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the State in which

the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss of each item; and failing to agree, shall submit their differences only, to the umpire. An award in writing so itemized of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months after the inspection of the loss."

■ The policy does not state the time within which demand for appraisal must be made and it therefore must be made within a reasonable time. Annot: Time for Appraisal, 14 A.L.R.3d 674. What is a reasonable time depends, of course, on the circumstances.

Plaintiff argues that good faith negotiations by Maryland did not continue beyond July 24 and, while the point is not quite clear, plaintiff apparently dates a reasonable time from that day. And she says that the absence of good faith negotiations prejudiced her by adding to her rental losses, to the cost of restoration, and by requiring her to employ counsel.

■ We omit a detailed analysis of the complete briefs and appendices which the parties filed. It is sufficient to say that our review of the record confirms the conclusion of the trial Court: the parties failed to agree on settlement of the loss, there was some intractableness on each

---

\* This ruling distinguishes this case from others in which a lower court merely stayed an action pending disposition of another suit in another forum, or remanded to an administrative agency for the taking of additional testimony, or denied summary judgment because of a conflict in material fact. Decisions limited to such matters do not settle substantial issues.

side, but there is not sufficient evidence to show bad faith by Maryland and thus deprive it of a right to appraisal. We note particularly that most of the events on which plaintiff relies to show bad faith occurred between the date of loss and July 24. Thereafter demands were made and formal positions were taken. But the parties were still negotiating at least as late as August 8 when Maryland made an offer which plaintiff later refused. At that and at all other times plaintiff had the same right to make demand for appraisal as Maryland did. She elected to waive that right and go to suit, but that decision cannot deprive Maryland of its right under the contract. As to the damages which plaintiff alleges, these are the type incident to delay in settlement of a fire loss and we find nothing in them which estops Maryland from seeking appraisal.

In sum, we agree with the conclusion of the trial Court that neither the passage of time nor the circumstances surrounding negotiations resulted in waiver as a matter of law.

■ Plaintiff also argues that the question of waiver was a factual one for jury determination. That is true as a general proposition but in the context of this case the question is entirely one of law. Whether Maryland has a contract right to have the amount of loss determined by appraisal preliminary to the filing (or prosecution) of an action was fairly and necessarily addressed to the Court at the pre-trial stage. And, obviously, at that time only the Court could determine whether the case should be stayed pending appraisal.

■ Finally, plaintiff argues that the Court below was mistaken because it did not hold that the appraisal procedure ousted it of jurisdiction. Citing Electrical Research Products, Inc. v. Vitaphone Corp., 29 Del.Ch. 417, 171 A. 738 (1934), and Motor Terminals v. National Car Co., 92 F.Supp. 155 (D.Del.1949), the Court said that mandatory arbitration which deprives a court of jurisdiction over certain disputes has not been upheld in Delaware. Those cases must be read in light of this Court's recent decision in Ruckman & Hansen, Inc. v. Delaware River & Bay Author., Del.Supr., 244 A.2d 277 (1968), holding that when parties to a contract agree to submit differences under that contract to an arbitrator, his decision, in the absence of fraud, is final and will not be re-examined by a court. We are not called upon to make that reading, however, because the Court has and will retain jurisdiction over the matter. There has been no ouster of jurisdiction because the question of Maryland's liability and the extent of it must still be determined by the Superior Court. Appraisal will determine the amount of loss and the Court then may be called upon to determine what effect should be given to the findings of the appraisers. And as to that, we express no opinion.

We find no error in the conclusion reached by the trial Court and, accordingly, its order is affirmed.