AIU INSURANCE COMPANY,
Plaintiff Below,
Appellant,

v.

Diane M. LEXES and Rossi Auto
Body, Inc., Defendants
Below, Appellees.

No. 122, 2002.

Supreme Court of Delaware.

Submitted: Oct. 15, 2002.
Decided: Jan. 15, 2003.

Megan T. Mantzavinos, of Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, for Appellant.

Christopher J. Curtin, of Erisman & Curtin, Wilmington, for Appellees.

Before WALSH, HOLLAND and BERGER, Justices.

BERGER, Justice:

In this appeal, we consider whether an insurance company may bring an action contesting the scope of an award made pursuant to a binding appraisal provision in its automobile insurance policy. The insurance company alleges that the appraisers awarded amounts for items that were specifically excluded from coverage under the policy, and awarded amounts in excess of the stated coverage for other items. The Superior Court granted the insured's motion to dismiss, holding that the court will not overturn an appraisal award absent fraud or a completely irrational result. We reverse. Whether appraisers have authority to make an award that exceeds the policy limits or the scope of coverage is a question of law. An aggrieved party may bring an action to de-

cide those issues despite the fact that the policy provides for binding appraisal.

### Factual and Procedural Background

Diane Lexes' automobile, which was insured by AIU Insurance Company, was vandalized in February 2001. The AIU policy provides $10,000 coverage for non-collision property damage and $600 coverage for temporary transportation. The policy also provides for binding appraisal in the event that the parties are unable to agree on the amount of loss:

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

Lexes and AIU obtained estimates for the repair of her car, but since they were unable to agree on the amount of loss, Lexes demanded an appraisal under the policy. The appraised amount of loss, $8,162.17, included: 1) $1,136.64 for rental reimbursement; 2) $500 for loss of use; 3) $400 for diminished value; and 4) $6125.53 for repairs and expenses (which included appraisers fees, a diminished value assessment fee, an administration fee, and a video documentation fee totaling $889).

The appraisal determined the actual cost of repairs to be $3,116.53.

AIU allegedly reimbursed Lexes for all undisputed items of damage, including $3,116.53 for actual cost of repairs and $600 for rental reimbursement. The insurer then filed this declaratory judgment action in the Superior Court against Lexes and Rossi Auto Body, Inc., the company that repaired the car (collectively, "Lexes"). The complaint seeks a determination that the appraisers exceeded the scope of the appraisal by including several items in their calculation that: 1) were excluded from coverage; 2) exceeded the maximum amount of coverage; or 3) were expenses allocated to Lexes under the appraisal clause. The Superior Court dismissed the complaint for failure to state a claim on the ground that it failed to allege that the appraised amount was irrational or that it was obtained through fraud or manifest mistake.

### Discussion

The sole issue on appeal is whether a party may obtain judicial review of an appraisal award that, in certain respects, exceeds the coverage provided by the underlying insurance policy. Lexes argues that the appraisers' determination is final absent allegations of fraud, dishonesty, misconduct or bias. She contends that mistakes of fact or law, such as the inclusion of items that are expressly excluded by the policy, do not invalidate the appraisers' determination unless they are so extreme as make the resulting award irrational.

▪ In advancing this argument, Lexes relies on cases from other jurisdictions addressing the conclusiveness of the appraisers' determination of value.[1] But the

---

1. *See, e.g.: McIntosh v. Hartford Fire Ins. Co.,* 106 Mont. 434, 78 P.2d 82 (1938); *In Re Waters,* 93 F.2d 196 (5th Cir.1937); *Firemen's Fund Ins. Co. v. Flint Hosiery Mills, Inc.,* 74 F.2d 533 (4th Cir.1935); *Lakewood Manufacturing Co. v. Home Ins. Co. of N.Y.,* 24 Ohio

finality of the appraisers' valuation is not really the issue here. The issue is whether the appraisers have the authority to include in their valuation items that are expressly excluded from coverage or items that exceed the coverage limits. As Lexes' own authorities demonstrate, questions about coverage and the scope of an arbitrator's authority are not waived by an appraisal clause such as the one in AIG's policy.

In *Cambridge Street Metal Company, Inc. v. Corrao* [2], for example, the court noted that an appraisal award will not be set aside absent fraud, dishonesty or bad faith. But the *Corrao* court continued:

> ... [J]ust as an arbitrator may exceed his authority by granting relief which is beyond the scope of the arbitration agreement, so too an appraiser can exceed his authority by making an award which is not within the limits of the submission to him. The issue turns on the agreement of the parties. Moreover, it is for the court, not the appraiser, to decide the scope of the submission where that question is in dispute. [3]

Similarly, in *CIGNA v. Didimoi Property Holdings, N.V.,* [4] the court held that the appraisers were authorized to determine the cause of loss in deciding the "amount of loss," but noted that questions about coverage and policy exclusions are legal questions for the courts. [5]

The complaint in this action seeks a declaration of the scope of the appraisal process provided for in AIG's insurance policy. It raises questions about coverage,

exclusions, and the provisions of the appraisal clause, itself. The complaint does *not* dispute the appraisers' valuations or their methodology. Accordingly, we hold that the complaint states a claim for relief and should not have been dismissed.

### Conclusion

Based on the foregoing, the judgment of the Superior Court is REVERSED and this matter is REMANDED for further action in accordance with this decision. Jurisdiction is not retained.

Misc. 244, 422 F.2d 796 (6th Cir.1970); *Atlas Construction Co., Inc. v. Indiana Ins. Co., Inc.,* 160 Ind.App. 33, 309 N.E.2d 810 (1974).

**2.** 30 Mass.App.Ct. 150, 566 N.E.2d 1145 (1991).

**3.** 566 N.E.2d at 1148 (Citations omitted.).

**4.** 110 F.Supp.2d 259 (2000).

**5.** 110 F.Supp.2d at 267, 268. *See, also: Hanby v. Maryland Casualty Company,* 265 A.2d 28, 31 (1970)("Appraisal will determine the amount of loss and the Court then may be called upon to determine what effect should be given to the findings of the appraisers.").