**DAIMLERCHRYSLER CORPORATION, Appellant**

v.

**DELAWARE DEPARTMENT OF INSURANCE, Appellee,**

and

**Arrowpoint Capital Corp., Arrowpoint Capital LLC, John Tighe, Sean Beatty and Dennis W. Cahill, Intervenors.**

No. 105,2007.

Supreme Court of Delaware.

Submitted: March 2, 2007.
Decided: March 2, 2007.

David E. Wilks and Thad J. Bracegirdle, Reed Smith, LLP, Wilmington, DE, for appellant.

Michael J. Rich, Department of Insurance, Dover, DE, for appellee.

James McC. Geddes, Ashby & Geddes, Wilmington, DE, for intervenors.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The Appellant, DaimlerChrysler Corporation ("DCC") has filed an application for interlocutory review of a Superior Court order entered on February 27, 2007. That order denied DCC's motion to stay the effectiveness of the Decision and Final Order issued by the Insurance Commissioner of Delaware on February 20, 2007 (the "DID Final Order"), pending the Superior Court's consideration of DCC's appeal.

The Intervenors–Appellees ("Arrowpoint") and the Delaware Department of Insurance oppose the application of DCC for an interlocutory appeal.

We have decided to accept DCC's application for interlocutory review. We have concluded that the Superior Court's denial of DCC's motion for a stay must be reversed. This matter is remanded to the Superior Court for an expedited consideration of DCC's appeal on the merits. The Final Order of the Department of Insurance is stayed during the pendency of the Superior Court's expedited consideration of DCC's appeal.

### Insurance Commissioner's Decision

On February 20, 2007, the Insurance Commissioner approved Arrowpoint's application to acquire Royal Indemnity Co. and affiliated insurers (DID Proceeding) subject to certain conditions (DID Final Order). In the DID Proceeding, the Hearing Officer denied DCC's motions to intervene, conduct discovery and present witnesses on the grounds that: Title 18, § 5003 of the Delaware Code neither contemplated nor required policyholders' participation as parties, section 5003 mandated an expeditious hearing and resolution, and the Commissioner represented all policyholders. The Hearing Officer found that denial of party status could not and did not deprive policyholders of due process: the record established that the DID had objectively reviewed and considered the acquisition in light and in furtherance of the interests of policyholders generally, and that no policyholder involvement beyond what was provided was necessary or required. The Insurance Commissioner adopted these findings of fact and conclusions of law as his own. The Commissioner then stayed his Final Order for five business days to allow persons "wishing to seek judicial relief" to do so "in an orderly way."

### Superior Court Denies Stay

On February 23, 2007, DCC appealed the DID Final Order to the Superior Court and moved for a stay pending appeal, pursuant to Title 29, § 10144 of the Delaware Code. After considering the parties' submissions, the Superior Court denied DCC's motion for a stay in a ruling from the bench:

The issue is whether DaimlerChrysler, the Appellant, has demonstrated that it is entitled to a stay on the basis that the appeal presents substantial issues and facts for review, and that DaimlerChrysler will be irreparably harmed by consummation of the acquisition. Obviously this Opinion and Order will not be complete and the arguments of counsel will have to be part of the Order by reference. I find as a threshold matter that it is not even a close question as to whether Appellant has presented substantial issues and facts for review. I think there are, indeed, substantial issues and facts for review, and because I do not think that is a close question, I am not going to detail my reasons for reaching that conclusion.

The question is whether or not under a worst case scenario, DaimlerChrysler Corporation can have any harm which would result from consummation of the transaction remedied by monetary damages. Now, I am especially considering the Commissioner's decision which has incorporated three conditions to approval of the transactions. Those opinions— those conditions which are three in number are set forth in the penultimate page of Commissioner Denn's opinion and I will not review them for purposes of this ruling.

Upon questioning by the Court as to the order of magnitude of damages that would result to DaimlerChrysler, DaimlerChrysler was unable to quantify what that order of magnitude might be, instead as I understand the arguments, the irreparable harm goes to the inability of DaimlerChrysler to initially present its case in a meaningful manner to the Commissioner. I find that to be essentially a debate about a matter of principle for purposes of the stay. This is a business transaction. There does not appear to the Court to be anything, even under a worst case scenario for DaimlerChrysler, that cannot be remedied through monetary damages. There is no suggestion at this point of eminent financial hardship on the part of the surviving U.S. entity and, in fact, even evidence of insolvency does not necessarily equate to irreparable harm.

Therefore, I find that DaimlerChrysler as the Appellant has failed to meet its burden of demonstrating irreparable harm if the transaction is not stayed.

The Superior Court certified its interlocutory ruling to this Court.

### Mootness Denies Due Process

In this expedited application for interlocutory review, DCC submits that certification is appropriate, because the determination of DCC's statutory and substantive due process rights to participate in the proceedings before the Department of Insurance was a substantial issue, established important legal rights and meets the criteria of Supreme Court Rule 42. DCC contends an immediate review of the Superior Court's order is necessary in order to

prevent DCC's challenge to the alleged denial of its substantive due process rights from becoming moot by the completion of the transaction at issue. DCC argues that considerations of justice are served by this Court's interlocutory review of the Superior Court's order.[1]

Pursuant to the Purchase Agreement governing the transaction approved by the Final Order, the parties must close the transaction within three business days of the Commissioner's approval. Therefore, unless the Final Order is stayed pending the Superior Court's consideration of DCC's appeal, the transaction will close. DCC submits that its appeal to the Superior Court will be mooted if the transaction closes. Thus, DCC argues that it will forever lose the ability to challenge that transaction in the underlying administrative proceeding as an affected party, thereby causing irreparable harm to DCC by denying any judicial review of its due process claims.

### Due Process Denial Irreparable

■■■■ In determining whether a stay is warranted, a court must consider: (1) the likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable harm if the stay is denied; (3) whether any other interested party will suffer substantial harm if the stay is granted; and (4) whether the public interest will be harmed if the stay is granted.[2] No single factor is dispositive; rather, the court should "consider all of the relevant factors together to determine where the appropriate balance should be struck."[3]

---

1. *See, e.g., Scott v. Kay*, 227 A.2d 572 (Del. 1967); *Hanby v. Maryland Casualty Co.*, 265 A.2d 28 (Del.1970); *ANR Pipeline Co. v. Shell Oil Co.*, 525 A.2d 991 (Del.1987); and *Moore Golf, Inc. v. Ewing*, 269 A.2d 51 (Del.1970).

2. *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n*, 741 A.2d 356, 357 (Del.1998).

3. *Id.*

■ We have concluded the present record reflects that the balance tips in favor of staying enforcement of the DID Final Order while DCC's substantive due process rights are adjudicated. If enforcement of the Final Order is not stayed beyond the five days afforded by the Superior Court, DCC will be irreparably harmed by forever losing the opportunity to a judicial determination of its due process claims. Conversely, the Intervenors faces no substantial harm from a temporary stay of the Final Order because the Purchase Agreement does not permit either party to terminate the proposed transaction unless it has not closed by June 27, 2007—a date that is extended to September 27, 2007, if the Commissioner has not finally approved the transaction by that time. Moreover, the Insurance Commissioner stayed his own Final Order to allow persons to seek judicial relief "in an orderly way." The opportunity for an orderly judicial review that was contemplated by the Insurance Commissioner will be lost in the absence of a stay, if the transaction closes and DCC's appeal becomes moot.

### Conclusion

DCC's application for interlocutory review is accepted. The Superior Court's denial of DCC's motion for a stay is reversed. This matter is remanded to the Superior Court for an expedited consideration of DCC's appeal on the merits. The DID Final Order is stayed during the pendency of the Superior Court's expedited consideration of DCC's appeal.

The Clerk is directed to issue the mandate forthwith.[4] Jurisdiction is not retained.

4. Supr. Ct. R. 4(f).