**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

DELVA SOLUTIONS, LLC, )
                            )
            Plaintiff, )
    v. )
                            )   **C.A. No. N24L-07-046 FJJ**
DREAM BIG, LLC, and, )
JOSEPH HOLLIS, )
                            )
           Defendants. )

## ORDER

*On 248 Glen Cove, LP, LLC's*
*Motion to Stay Execution of Judgment.*

It appears to the Court that:

1. On January 28, 2025, the Court entered an Order denying 248 Glen Cove, LP, LLC's ("Glen Cove") Motion to Set Aside a Sheriff's Sale.

2. On February 1, 2025 Glen Cove appealed this Court's decision to the Delaware Supreme Court.

3. On February 11, 2025, Glen Cove filed a Motion to Stay Pending Appeal (the "Motion").

4. On February 20, 2025, Plaintiff, JDT Delva Solutions ("JDT") filed its opposition to the Motion.

5. A motion to stay pending appeal is addressed in the first instance to the discretion of the trial court. "In determining whether a stay is warranted, a

court must consider: (1) the likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable harm if the stay is denied; (3) whether any other interested party will suffer substantial harm if the stay is granted; and (4) whether the public interest will be harmed if the stay is granted." When applying these factors, the Court should strive to "balance all of the equities involved in the case together." "The trial court's focus frequently is on the final three factors given that the first factor requires the court to assess the likelihood that its own decision will be disturbed on appeal."[1]

6. I find that Glen Cove will suffer irreparable harm if the matter is not stayed because it will be forced to proceed with a sale of real property. Delva will not suffer substantial harm as a lender since it will be protected by the bond and can, subject to an agreement with all parties, proceed to a second sheriff's sale and then seek money damages against Glen Cove depending on the outcome of the appeal and the sales price. I further find that the public interest will not be harmed if the stay is granted. While I believe that the likelihood that Glen Cove will succeed on the merits is slim, the balance of all four factors favors granting Glen Cove's request to stay.

7. Glen Cove has not posted the appropriate security. In accordance

---

[1] *Rejv5 Awh Orlando, LLC v. Awh Orlando Member, LLC*, 2018 WL 2084407 (Del. Ch. May 3, 2018)(quoting *DaimlerChrysler Corp. v. Del. Dep't of Ins.*, 938 A.2d 623, 625 (Del. 2007)); *SC&A Constr., Inc. v. Potter*, 2017 WL 3047061 (Del. Super. July 18, 2017).

with Delaware Supreme Court Rule 32, proper security in the amount of $60,000 plus interest at the legal rate from January 28, 2025 needs to be posted within 48 hours of the date of this decision.  If Glen Cove fails to post the proper security within that time frame, its Motion to Stay is denied.  If the proper security is posted within this time frame then the Motion is granted.

**IT IS SO ORDERED** this 5th day of March, 2025.



Francis J. Jones, Jr., Judge

cc:   File&ServeXpress