**F. H. SIMONTON, INC., Plaintiff Below, Appellant,**

**v.**

**CONESTOGA CHEMICAL CORPORATION, a corporation of the State of Delaware, et al., Defendants Below, Appellees.**

Supreme Court of Delaware.

Oct. 3, 1968.

Victor F. Battaglia of Biggs & Battaglia, Wilmington, for appellant.

Henry N. Herndon, Jr. of Morris, James, Hitchens & Williams, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by F. H. Simonton, Inc. from orders of the Superior Court on a motion of Conestoga Chemical Corporation vacating a partial judgment for Simonton entered under Civil Rule 41(b), Del.C.Ann. granting a partial dismissal to Simonton, and giving leave to Conestoga to reopen its case to offer evidence as to the value of contents of buildings lost as a result of fire. Conestoga moved to dismiss the appeal on the ground that the order vacating the partial judgment and granting leave to reopen is interlocutory and non-appealable.

Conestoga is the lessee of two buildings in Wilmington Industrial Park. On May 29, 1965, a fire occurred which extensively damaged the buildings and their contents. Prior to the fire, Conestoga had requested Simonton to obtain insurance covering the buildings and contents. Simonton obtained $100,000.00 of fire coverage. Conestoga filed proofs of loss as to contents and buildings with four insurance companies, each of which had underwritten $25,000.00 of coverage. Conestoga was paid a total of $100,-000.00 by these companies and then, on the allegation that Simonton had undertaken to provide $200,000.00 fire coverage, claimed an additional $100,000.00 from Simonton. Upon the assertion of this claim, Simonton denied any liability and filed this action for declaratory judgment. Conestoga filed

a counterclaim for $100,000.00. By agreement of the parties, trial was set on the counterclaim.

Prior to trial, Simonton moved for a production of records as to the contents of the buildings destroyed by fire, urging that Conestoga was required to establish the actual value of contents lost. Conestoga, however, sought a protective order on the ground that such evidence was immaterial. It claimed that the proofs of loss filed with the four underwriting companies established the value of the lost contents. The trial judge entered a protective order at Conestoga's insistence that it proposed to offer no other proof relating to the value of contents. It appears that Conestoga was warned that it was acting at its peril.

Nonjury trial was then had on the counterclaim, and at the close of Conestoga's proof, Simonton moved for dismissal under Rule 41(b) on the ground that Conestoga had shown no right to relief. The trial judge, holding that there was no proof of actual value of the lost contents, granted the motion in part by entering judgment of dismissal against Conestoga as to its claim of $37,500.00 for loss of contents—this was apparently the amount shown for loss of contents contained in the proofs of loss—and directing further trial on Conestoga's claim of $62,500.00 for fire loss to the buildings.

Thereafter, Conestoga retained present counsel, its former counsel having withdrawn from the representation as the result of a disagreement. Conestoga's new counsel then moved for a new trial under Rule 59 and for relief from the judgment under Rule 60.

The trial judge held that he had erred in entering partial judgment for Simonton because its effect was to split Conestoga's single claim for damages, which may not be done on a motion under Rule 41(b). He thereupon set aside his order of partial dismissal and ordered that Simonton's

motion of dismissal under Rule 41(b) be denied in its entirety.

With respect to Conestoga's motion for a new trial under Rule 59, the trial judge treated it as a motion to reopen to present additional evidence as to damages, and granted the motion. Simonton appealed both the setting aside of the partial dismissal and the grant of permission to reopen to present additional evidence.

Initially, we turn to Conestoga's motion to dismiss the appeal on the ground that a discretionary order of a trial court permitting reopening to present additional evidence is interlocutory, does not determine rights or a substantial legal issue, and is therefore nonappealable.

 It is, of course, true that an interlocutory order is appealable only when it determines a substantial legal issue and establishes rights. American Insurance Company v. Synvar Corporation, Del., 199 A.2d 755. If the interlocutory order is discretionary and preliminary, and does not determine substantial rights, the order is appealable solely for the purpose of determining whether or not it is an abuse of judicial discretion. General Foods Corporation v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681.

 We think this order to reopen is appealable since it is in the nature of an order granting a new trial under Rule 59, which, even though no substantial rights or issues may have been determined, is nevertheless reviewable on appeal for abuse of discretion. Tyndall v. Tyndall, Del., 214 A.2d 124. In addition, Simonton charges that the entry of the order vacating the entry of partial judgment of dismissal was error of law, and that a substantial right, i. e., the partial judgment, has been determined adversely to it. Under the circumstances, we deny the motion to dismiss the appeal.

We now consider the order vacating the entry of judgment for a partial dismissal. By that order, the trial judge dismissed Conestoga's claim of damages to the contents of the buildings. Actually, however, Conestoga in its counterclaim presented but a single claim for loss by fire which it argues was intended to be covered by one policy covering both the buildings and their contents. In effect, therefore, the entry of the order split Conestoga's $100,000.00 claim into two components, viz., loss of contents, $37,500.00; and loss to buildings, $62,500.00. The result seems, therefore, that Conestoga's single claim has been fragmented and its ultimate possible recovery limited to $62,500.00, although possibly the proof may establish fire damage to the buildings in excess of that amount.

 Furthermore, it seems erroneous to have fixed the amount of claim for damage to the contents in the amount of $37,500.00 upon the basis of the proofs of loss filed with the companies which paid in full on their policies, when those proofs were rejected as evidence of any actual damage to the contents, which was the reason given for the partial dismissal. The effect, it seems to us, is to reduce Conestoga's single claim of $100,000.00 to $62,500.00 upon no basis of fact at all.*

 In any event, we think a single claim, or cause of action, was fragmented by the order of partial dismissal, and that to do so was error of law. The trial judge, therefore, properly corrected his error in vacating the order. His subsequent order to that effect is affirmed.

 The case, following the vacating of the order of partial dismissal, then stood in the posture of Conestoga having rested its case on its counterclaim without Simonton having offered any evidence in rebuttal.

---

* We note that Conestoga filed proofs of total loss in the amount of $242,357.20, and has been paid only $100,000.00. The actual unrecompensed loss should be made a matter of proof.

At this point, the trial judge had before him Conestoga's motion under Rule 59 for a new trial, which he elected to treat as a motion to reopen to offer additional evidence on the question of damages. Such a motion is addressed to the discretion of the trial judge, whose decision upon it is vested with large latitude, absent a showing of prejudice to the other side. Larrimore v. Homeopathic Hospital Ass'n., 4 Storey 449, 181 A.2d 573. In the ordinary case, the exercise of such discretion will not be disturbed on appeal unless it has been shown to be arbitrary or capricious. Rappa, Inc. v. Hanson, Del., 209 A.2d 163.

The reasons assigned by the trial judge for his grant of permission to Conestoga were: (1) The issue of the correct means of proving damages should have been resolved at pretrial conference but was not due to mutual mistake between counsel and the judge; (2) By reopening the case, a determination on the merits will be had; (3) Since Simonton has not offered any defense, the trial on the counterclaim has not terminated, and (4) The necessary proof of actual damages was immediately available.

Under the circumstances, we are of the opinion the trial judge did not arbitrarily and capriciously abuse his discretion, but, on the contrary, acted properly to correct an error in law which almost unobtrusively had crept into the case.

The judgment below is affirmed.