PEPSICO, INC., a corporation of the State of Delaware, formerly known as Pepsi-Cola Company, Defendant Below, Appellant,

v.

PEPSI–COLA BOTTLING COMPANY OF ASBURY PARK, a corporation of the State of New Jersey, and Pepsi-Cola Newburgh Bottling Co., Inc., a corporation of the State of New York, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Dec. 17, 1969.

William S. Potter and Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, for defendant below, appellant.

E. Norman Veasey and Richard F. Balotti, of Richards, Layton & Finger, Wilmington, for plaintiffs below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal by the defendant from an order of the Court of Chancery requiring it to produce certain documents, to answer certain questions on oral deposition and written interrogatories, and to respond to certain requests for admission. The plaintiffs move to dismiss the appeal on the ground that such interlocutory order on discovery matters is not an appealable order.

In this action, the plaintiffs seek a declaratory judgment establishing that certain increases in the price of Pepsi-Cola concentrate or finished syrup, supplied to the plaintiffs by the defendant in 1963 and 1968, were made in violation of agreements entered into by the parties in 1945 and 1948. The Trial Court's order requires the defendant to produce documents and infor-

mation relating to its operations, expenses and profits over a period of 25 years, commencing in 1945. The order preserved to the defendant, however, the right to apply to the Court for a protective order to prevent burdensome duplication of discovery and to prevent disclosure of any trade secret. The defendant contends that an intolerable burden of expense and trouble will be cast upon it if it is required to produce documents and information covering such long period of time, much of which it contends to be irrelevant to the issues of the case.

■ Thus, undue burden is the gravamen of the appeal before us. The Trial Court's determination of that issue against the defendant, in our opinion, did not decide a legal right and substantial issue. It follows that the appeal must be dismissed. The rule is settled that in the absence of a determination of legal right and substantial issue, an interlocutory order is unappealable. American Insurance Company v. Synvar Corporation, Del.Supr., 199 A.2d 755 (1964); Lummus Company v. Air Products and Chemicals, Inc., Del. Supr., 243 A.2d 718 (1968); Nadler v. Bohen, Del.Supr., 238 A.2d 836 (1968).

In *Lummus* we stated that, generally speaking, rulings on discovery fall within the class of interlocutory orders considered to be unappealable under the above rule. This is not to say, however, that all discovery rulings are unappealable. It is conceivable that a discovery order involving matters such as privilege, self-incrimination, privacy, or trade secrets, would determine such rights and issues as to become appealable under our rule. But that is not the situation here. It is conceivable, too, that discovery granted in a given case could be so burdensome as to be ruinous to the party, and so disproportionate to the amount in controversy as to amount to deprivation of due process, thus involving substantial rights and issues. But that is not the situation here either.

The defendant contends that, although interlocutory, the order below was discretionary; that, therefore, an appeal will lie to determine whether there has been an abuse of discretion, citing Consolidated Fisheries Co. v. Consolidated Solubles Co., Del.Supr., 34 Del.Ch. 60, 99 A.2d 497 (1953); General Foods Corporation v. Cryo-Maid, Inc., Del.Supr., 41 Del.Ch. 474, 198 A.2d 681 (1964); Simonton v. Conestoga Chemical Corporation, Del.Supr., 247 A.2d 214 (1968). Although none of the cited cases involved discovery orders, there is adequate basis in certain statements contained therein to warrant the position taken by the defendant. For example in *Simonton*, we stated that an interlocutory order is appealable if discretionary and preliminary, although no substantive rights are determined thereby. The genesis of that statement may be found in the *Cryo-Maid* and *Consolidated Fisheries* cases.

Upon reconsideration of that language in *Simonton*, we have concluded that it must be disavowed. In *Simonton*, we first restated the general rule that an interlocutory order is appealable only when it determines substantive rights and legal issues. Then we stated the above mentioned ancillary rule regarding discretionary matters, which had become engrafted upon the interlocutory order rule. The ancillary rule now appears so contradictory and impractical as to require abandonment. Since all discovery rulings are interlocutory and discretionary, a logical extension of the ancillary would make all discovery rulings appealable at least for review as to abuse of discretion. As we indicated in *Lummus,* such result is unacceptable in the interest of the proper administration of justice. See "Developments in the Law—Discovery", 74 Harv.L.Rev. 940, 992–1000; 4 Moore's Federal Practice, ¶ 26.37(8).

Accordingly, we withdraw the statement in *Simonton* regarding the appealability of interlocutory discretionary orders; and we declare invalid any statement in *Cryo-*

*Maid* and *Consolidated Fisheries* inconsistent herewith. The result is that there shall be but one rule as to the appealability of interlocutory orders, discretionary or otherwise: to be appealable, there must have been the determination of a substantial issue and the establishment of a legal right. Nadler v. Bohen, Del.Supr., 238 A.2d 836 (1968).

For the reasons stated, we hold that the order below is unappealable. The appeal must be dismissed.