CONTRACTORS AUTOMATED DEVICES, INC., a corporation of the State of Delaware, and James R. Trice, Jr., Appellants and Defendants and Counter-Plaintiffs below,

v.

LASER ALIGNMENT, INC.,—SOUTH ATLANTIC, Inc., a corporation of the State of Virginia, Appellants and Intervenor below,

v.

LASER ALIGNMENT, INC., a corporation of the State of Delaware, Appellee and Plaintiff and Counter-Defendant below.

Supreme Court of Delaware.

Aug. 2, 1971.

Reargument Denied Aug. 19, 1971.

Julian D. Winslow, Wilmington, John R. Willett and Merl L. Spahr, Alexandria, for appellants.

Rodney M. Layton and Richard G. Elliott, Jr., of Richards, Layton & Finger, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an interlocutory order of the Court of Chancery denying the defendants, James R. Trice, Jr. and Contractors Automated Devices, Inc., the right to join as cross defendants certain individuals who are officers of Lasar Alignment, Inc., plaintiff below.

The action was instituted by Laser as a declaratory judgment action seeking a declaration that it had not breached a Licensing Agreement it had entered into with Trice and Contractors, the patent owners,

under which Laser became the exclusive manufacturer and distributor of the patented apparatus. The filing of the complaint was followed by the filing of numerous pleadings by the defendants. These included answers, counterclaims, and various motions of one kind or another, including the joining as intervenor of Laser Alignment, Inc.—South Atlantic, a distributor under agreement with Laser but owned by defendants, Trice and Contractors. The intervenor is now aligned with defendants asserting breaches of its contract of distribution.

It would serve no useful purpose to catalog the many pleadings filed in the action below. It suffices to say that on their face they seem to be an attempt to expand the original action into a far-ranging attempt to collect money damages from Laser for various alleged wrongs. The pleadings culminated in motions to join certain officers of Laser as defendants and assert against them a derivative action based upon alleged mismanagement of Laser. The Chancellor denied the motions and this appeal followed.

■ The order denying the motions is an interlocutory order and, as such, is appealable only if it has determined a substantial issue and established a legal right. Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park, Del.Supr., 261 A.2d 520 (1969).

■ Clearly the order before us does not meet this test. The order denied appellants the right to interject into the action a derivative claim against individuals who are not parties to the original declaratory action. This being so, there was no necessity for appellants to assert the derivative claim to avoid a possible defense of *res judicata*. The Chancellor exercised his discretion to deny the attempt to interject it into an unrelated lawsuit, and we think properly so.

The judgment below is affirmed.