**618**

Emmons B. PHILLIPS et al., Defendants Below, Appellants,

v.

The STATE of Delaware, upon the Relation of the State Highway Department, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Sept. 16, 1971.

Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, for defendants below, appellants.

John T. Gallagher, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., HERRMANN, J., and CHRISTIE, Judge, sitting.

PER CURIAM:

This is an appeal from the Chancellor's Order granting leave to the plaintiff to amend its complaint to assert an additional cause of action premised upon adverse possession.

The appeal must be dismissed because the interlocutory order appealed did not determine a substantial issue and establish a legal right. Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park, Del.Supr., 261 A.2d 520 (1969).

We find unpersuasive the defendants' contention that a substantial issue and a legal right were adjudicated by the leave to amend in that (1) the tardiness of the amendment gives the plaintiff undue advantage in preparation for trial; and (2) the Order appealed violates a substantial rule of law barring the prosecution of alternate claims based upon record title and adverse possession. The Chancellor's reasons, as stated in his Opinion accompanying the Order appealed, demonstrate correctly the posture of the case:

"(1) Possession of the property * * * has been an issue in this case for an extended period of time. Possession has been claimed by the State, contested by defendants. While that dispute related to jurisdiction, the 'facts' as to possession are presumably the same without regard to the purpose for which they are offered. While the State may not have articulated a claim to possession for a period of twenty years, I am not persuaded that this should override the court's duty to be liberal in permitting amendments to pleadings. I say this having in mind that little, if any, discovery has been accomplished to date and each side has asked for a substantial delay in a trial date."

It is manifest that the Chancellor decided nothing more than that the case must proceed to trial.

Accordingly, the appeal must be dismissed.