STATE ex rel. J. Benjamin ROY, Jr., State Fire Marshall, Plaintiff below, Appellant,

v.

L. Vincent RAMUNNO, t/a the Yellow House Hotel, Defendant below, Appellee.

Supreme Court of Delaware.

Submitted Aug. 11, 1976.

Decided Aug. 12, 1976.

Charles Snyderman, Deputy Atty. Gen., Wilmington, for plaintiff-appellant.

L. Vincent Ramunno, Wilmington, defendant-appellee, pro se.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

The State Fire Marshall (plaintiff) appeals from a decision by the Court of Chancery denying his application for an order which would temporarily restrain L. Vincent Ramunno, t/a The Yellow House Hotel, (defendant) from operating that business while in violation of regulations promulgated by the State Fire Prevention Commission, 16 Del.C. §§ 6601, 6603. Letter memoranda have been submitted by counsel and, pursuant to Rule 11(4), the Court will determine the appeal *sua sponte* without oral argument.

After an inspection of the facility, the State Fire Marshall gave written notice on December 5, 1975 to defendant of specific fire and life safety deficiencies found on the premises. Defendant then exercised his right under 16 Del.C. § 6608 and appealed to the Commission which conducted a hearing under § 6609 and, on April 16, 1976, announced findings of fact and conclusions of law. It determined that The Yellow House Hotel is a "hotel" within the meaning of the applicable fire regulations and that specific violations,

> "create a hazard so inimical to the public safety that a variance cannot be granted without substantial detriment to the public safety and without substantially impairing the intent and purpose of the regulations in question"

Accordingly, the Commission denied defendant's request for a variance but authorized a variance as to certain items "if a fire suppression system is installed." On May 10 defendant sought a writ of certiorari to the Commission's decision from the Superior Court, § 6610, which has apparently been granted. Section 6610(c) provides that allowance of the writ "shall

not stay proceedings upon the decision appealed from." The record here does not show that defendant has secured a stay of the Commission's order from the Superior Court.

On this state of affairs the State Fire Marshall invoked the provisions of § 6611 (d) and filed a complaint in the Court of Chancery to enforce the Commission's determination.[1] A hearing was held on the application of the Fire Marshall to enjoin defendant's operation of The Yellow House Hotel in violation of the State Fire Prevention Commission's regulations. The Court concluded that there was an issue as to whether The Yellow House was, in fact, a hotel within the meaning of the Regulations, and that a temporary restraining order would do more than preserve the *status quo,* that is, it would close the facilities. For these reasons, the Court refused to grant temporary relief and fixed a hearing date on plaintiff's motion for a preliminary injunction. This appeal followed.

█ In the present state of the controversy and on the record before us, we conclude that the State Fire Marshall is entitled to the restraining order which he seeks. Fairly read, the record and briefs show that the business was not in operation at the time of the Fire Marshall's order, at the time when the Commission held its hearing and when an appeal was taken to the Superior Court.[2] That was the *status quo* which the State sought to maintain while defendant exercised his right to pursue appeals to the Commission and then the Superior Court.[3] Given the statutory scheme which provides for a hearing before the Commission with appellate proceedings in the Superior Court, the State is entitled to an order which will maintain *status quo* pending a final determination of those proceedings. Denial of such relief would mean that defendant could continue to maintain an establishment determined to be "a hazard—inimical to the public safety" while he exercised appellate rights, and that he could do so for as long as the appellate process could be kept active. The statutory plan does not permit the public safety to be made a function of how and when a violator exercises appellate rights.

We remand with direction to the Court of Chancery to issue a temporary order which will require defendant to return The Yellow House Hotel to the same status it had on May 15, 1976, and which will restrain him from operating the business pending determination of the proceedings now in the Superior Court. Such order is to be issued upon filing by plaintiff of security under Chancery Rule 65(c) in such amount as Court of Chancery shall determine.

█ Finally, we are satisfied that the order issued by the Court of Chancery, permitting, as it did, operation of the

---

1. 16 Del.C. § 6611(d) provides:

   "(d) In case any building, structure or equipment is or is proposed to be erected, constructed, reconstructed, altered, maintained or used, or any land is or is proposed to be used in such a way to endanger life or property from the hazards of fire or explosion or in violation of this chapter or of any regulation or provision of any regulation, or change thereof promulgated by the State Fire Prevention Commission under the authority granted by this chapter, the State Fire Prevention Commission, the State Fire Marshal, or the Attorney General may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or any other appropriate

   action or actions, proceeding or proceedings to prevent, enjoin, abate, or remove such unlawful erection, construction, reconstruction, alteration, maintenance or use."

2. The verified complaint states that the Hotel has "opened—for business and intends to remain open—for the duration of the current summer season". That allegation stands uncontroverted by anything before us.

3. In its opinion the Court of Chancery said that plaintiff is simultaneously seeking relief under 16 Del.C. § 6601 etc. and that such proceedings are on appeal to the Superior Court. It is, of course, the defendant who appealed both to the Commission and the Superior Court.

business in violation of fire regulations, determined a substantial issue and established a legal right. For that reason it is appealable. *Pepsico, Inc. v. Pepsi Cola Bottling Co. of Asbury Park*, Del.Supr., 261 A.2d 520 (1969). A mandate will issue forthwith.

Reversed.