# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RODNEY W. SANDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-06-249 ALR |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

-----------------------------------------------

| | | |
|---|---|---|
| RICHARD B. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-07-069 ALR |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

-----------------------------------------------

## MEMORANDUM OPINION

Submitted: October 10, 2017 and November 6, 2017
Decided: November 20, 2017

*Upon Defendant's Motions to Dismiss for* **Forum Non Conveniens**
**DENIED**

Eileen M. McGivney, Esq., Marc J. Bern & Partners LLP, Attorney for Plaintiffs

Maria R. Granaudo Gesty, Esq., Burns White LLC, Wilmington, Delaware, Anne Marie O'Brien, Esq. and Daniel J. Hassing, Lamson, Dugan & Murray, LLP, Omaha, Nebraska, Attorneys for Defendant

**Rocanelli, J.**

Union Pacific Railroad Company ("Defendant") has moved to dismiss two separate liability actions filed by two non-Delaware residents (collectively, "Plaintiffs") on the basis of *forum non conveniens*. Each Plaintiff opposes Defendant's motion. The parties' submissions on this issue present identical arguments and decisional precedent. This is the Court's decision on Defendant's motions to dismiss these actions for *forum non conveniens*.

## Factual and Procedural Background

Defendant is a railroad company incorporated in Delaware with its headquarters and principal place of business in Omaha, Nebraska. Defendant operates locomotives, railroad cars, and repair facilities throughout several states, but does not directly operate in Delaware.

Plaintiff Rodney Sands ("Sands") was employed with Defendant as a trackman from 2001-2002 and as a conductor from 2002-2015. Sands is a resident of Yukon, Oklahoma. On June 21, 2017, Sands filed a complaint against Defendant alleging that he was exposed to various toxic substances and carcinogens during the course of his employment with Defendant as a result of Defendant's negligence. Sands further alleged that the exposure contributed to his development of tonsil/throat cancer.

Plaintiff Richard Hunt ("Hunt") was employed with Defendant from 1978 to 2014 as a machinist at Defendant's Roseville, California facility. Hunt is a resident

1

of Roseville, California. On July 10, 2017, Hunt filed a similar complaint against Defendant alleging that he was exposed to various toxic substances and carcinogens during the course of his employment with Defendant as a result of Defendant's negligence. Hunt further alleged that the exposure contributed to his development of chronic lymphocytic leukemia/Non-Hodgkin's lymphoma.

This is the Court's decision on Defendant's two motions to dismiss on grounds of *forum non conveniens*.[1]

## **Legal Standard**

A motion to dismiss for *forum non conveniens* is addressed to the sound discretion of the trial court.[2] In order to prevail on a motion to dismiss for *forum non conveniens*, the moving defendant must demonstrate that it will face "overwhelming hardship" if litigation proceeds in Delaware.[3] Where, as here,

---

[1] Defendant moved to dismiss the Sands complaint and the Hunt complaint on grounds of *forum non conveniens* or, in the alternative, moved to dismiss for failure to state a claim or for a more definite statement. In response, Sands filed an amended complaint, and Defendant concedes that the only outstanding issue with respect to its motion in the Sands case is the motion to dismiss on grounds of *forum non conveniens*. However, with respect to its motion in the Hunt case, Defendant's motion to dismiss for failure to state a claim or for a more definite statement is still pending in addition to its motion to dismiss on grounds of *forum non conveniens*. The Court has addressed Defendant's motion to dismiss for failure to state a claim or for a more definite statement with respect to the Hunt complaint in a separate order.

[2] *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014).

[3] *Id.* (citing *Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 835 (Del. 1999)).

alternative forums exist but Plaintiffs have not filed an action in another jurisdiction, this Court's analysis is guided by the framework originally set forth by the Delaware Supreme Court in *General Foods Corp. v. Cryo-Maid, Inc.*[4] The Court must assess (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon application of Delaware law; (5) the pendency or nonpendency of similar actions in another jurisdiction; and (6) all other practical problems that would make trial of the case easy, expeditious and inexpensive.[5] Plaintiffs' choice of forum is entitled to respect unless Defendant demonstrates that litigating in Delaware is "inappropriate and inconsistent with the administration of justice."[6]

### Discussion

Defendant argues that dismissal on grounds of *forum non conveniens* is appropriate because the only connection these cases have to Delaware is that Defendant is incorporated in Delaware. However, Delaware courts "are accustomed to deciding controversies in which the parties are non-residents of Delaware and where none of the events occurred in Delaware" such that "these factors alone are

---

[4] *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. 1964), *overruled on other grounds by Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520 (Del. 1969)).

[5] *Martinez*, 86 A.3d at 1104 (citing *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1198-99 (Del. 1997)).

[6] *Pipal Tech Ventures Private Ltd. v. MoEnange, Inc.*, 2015 WL 9257869, at *5 (Del. Ch. Dec. 17, 2015) (citing *Martinez*, 86 A.3d at 1112).

3

not sufficient to warrant interference with the plaintiff's choice of forum."[7]  Further, the Delaware Supreme Court has reiterated that the "overwhelming hardship" standard still applies even where, as here, "the only connection to the Delaware forum [is] the domiciliary status of the business entity."[8]  Therefore, upon consideration of the *Cryo-Maid* factors in this case, the Court finds that Defendant has not made a particularized showing that the burden of litigating in Delaware in either case will result in overwhelming hardship.

First, with respect to the ease of access to proof, Defendant argues that the location of witnesses and evidence outside of Delaware weighs heavily in favor of dismissal.  However, Delaware courts have attributed less significance to the "access to proof" factor under the *Cryo-Maid* analysis in the context of corporate and commercial disputes involving larger, more sophisticated entities.[9]  Additionally, even if Plaintiffs' medical records are physically located outside Delaware, it should

---

[7] *Taylor*, 689 A.2d at 1200.

[8] *Warburg, Pincus Ventures, L.P. v. Schrapper*, 774 A.2d 264, 268 (Del. 2001).

[9] *See, e.g.*, *1 Oak Private Equity Venture Capital Ltd. v. Twitter, Inc.*, 2015 WL 7776758, at *8 (Del. Super. Nov. 20, 2015); *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1213-14 (Del. Ch. 2010); *LeCroy Corp. v. Hallberg*, 2009 WL 3233149, at *8 (Del. Ch. Oct. 7, 2009); *see also Chemtura Corp. v. Certain Underwriters at Lloyd's*, 2015 WL 5340475, at *5 (Del. Super. Aug. 26, 2015) (citing *In re Asbestos Litig.*, 929 A.2d 373, 384 (Del. Super. 2006)) ("Where litigants are entities with substantial resources, the burden created by witnesses and evidence located outside Delaware is 'substantially attenuated.'").

not be difficult given modern technology to obtain them electronically.[10] Similarly, "modern methods of transportation lessen the Court's concern about the travel of witnesses" who live and work outside of Delaware.[11] Furthermore, the reality of these cases is that out-of-state discovery will be necessary regardless of the forum.[12] Therefore, this factor does not weigh in favor of dismissal.

Second, with respect to the availability of compulsory process for witnesses, it may be true that this Court does not have the power to compel the testimony of witnesses located in other states. However, Defendant did not cite with particularity specific witnesses who will be less inclined to cooperate in this forum in either case.[13] Additionally, while there is a preference for live testimony over a videotaped deposition, that "preference is not determinative of whether Defendant will suffer overwhelming hardship given Delaware's broad discovery procedures."[14] Therefore, this factor does not weigh in favor of dismissal.

Third, with respect to the possibility of viewing the premises, the parties dispute whether it would be useful to view the premises in these cases. With respect

---

[10] *See Barrera v. Monsanto Company*, 2016 WL 4938876, at *6 (Del. Super. Sep. 13, 2016) (citing *Rapoport v. Litig. Trust of MDIP, Inc.*, 2005 WL 5755438, at *5) (Del. Ch. Nov. 23, 2005).

[11] *Rapoport*, 2005 WL 5755438, at *5.

[12] *See Barrera*, 2016 WL 4938876, at *6.

[13] *See id.*

[14] *Id.* (citing *Mozeik v. Seramone & Sons Home Improvements, Inc.*, 2015 WL 1912724, at *3 (Apr. 28, 2015)).

to Sands, Defendant argues that it may want to show the jury various tunnels that Sands passed through and some buildings in which Sands worked and their ventilation. Similarly, with respect to Hunt, Defendant argues that the buildings in which Hunt worked and their ventilation are relevant to his case. However, Defendant fails to describe these sites with particularity, and has not demonstrated that the jury would need to physically see these sites in person to understand the relevant arguments. Therefore, Defendant has not established that it would face overwhelming hardship with respect to this factor.

Fourth, with respect to whether Delaware law applies, these actions arise under the Federal Employers Liability Act ("FELA"), which is federal law.[15] However, FELA is specifically designed to allow state courts as well as federal courts to apply the law.[16] FELA provides that the "jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."[17] In addition, Delaware courts are regularly asked to interpret and apply the law of other jurisdictions.[18] Therefore, Defendant has not demonstrated that the fact that federal law applies will cause it to suffer overwhelming hardship.

---

[15] 45 U.S.C. §§ 51 *et seq.*
[16] 45 U.S.C. § 56.
[17] 45 U.S.C. § 56.
[18] *See Taylor*, 689 A.2d at 1200; *Conley v. GlaxoSmithKline, LLC*, 2016 WL 4764932, at *2 (Del. Super. Sep. 12, 2016); *Barrera*, 2016 WL 4938876, at *7.

6

Fifth, with respect to the pendency of similar actions, neither Sands nor Hunt have similar claims pending in any other jurisdiction. The Delaware Supreme Court has held that "judicial discretion is to be exercised sparingly where, as here, there is no prior action pending elsewhere."[19] In addition, where there are no prior actions pending, the Court must consider the "possible cost and delay to the plaintiff if dismissal forces a brand new action in an alternate forum."[20] Therefore, this factor weighs against dismissal.

Lastly, the Court may, but is not required to, address the public interest by "weigh[ing] the efficient administration of justice and analogous considerations."[21] Defendant argues that because the only connection to Delaware in these cases is that Defendant is incorporated here, it would be in the public interest to dismiss so that Delaware's citizens and judiciary do not have to provide a forum for a claim having little connection to Delaware. However, Delaware has an interest in regulating the conduct of entities incorporated under the laws of Delaware.[22] In addition, it is not this Court's duty to select the best or most convenient forum available.[23] Rather,

_____

[19] *Taylor*, 689 A.2d at 1199.
[20] *Ison v. E.I. DuPont de Nemours and Co.*, Inc., 729 A.2d 832, 845 (Del. 1999); *see also Barrera*, 2016 WL 4938876, at *8.
[21] *Martinez*, 86 A.3d at 1112-13.
[22] *See Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 1000 (Del. 2004)
[23] *See id.* at 999; *Pipal Tech Ventures Private Ltd.*, 2015 WL 9257869, at *10 (Del. Ch. Dec. 17, 2015); *1 Oak Private Equity Venture Capital Ltd.*, 2015 WL 7776758, at *8.

Plaintiffs' choice of forum must be respected unless Defendant presents unique circumstances that create the overwhelming hardship required for a *forum non conveniens* dismissal under Delaware law.[24] No unique circumstances are presented in these cases.

## Conclusion

The *forum non conveniens* standard is stringent, but not preclusive.[25] This Court finds that the application of the *Cryo-Maid* factors does not favor dismissal in either case. Defendant does not meet the "appropriately high burden"[26] required to deprive Plaintiffs of their chosen forum. Accordingly, Defendant's motions to dismiss for *forum non conveniens* must be denied.

**NOW, THEREFORE, this 20th day of November, 2017, Defendant's Motions to Dismiss for *Forum Non Conveniens* are hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[24] *Martinez*, 86 A.3d at 1106.
[25] *Id.* at 1105 (citing *Ison*, 729 A.2d at 843).
[26] *Id.*