# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

AIRPORT EQUITIES, LLC, et al.,   )
                                 )
   Plaintiffs,    )
                                 )
   v.              )      C.A. No. S19C-04-016 ALR
                                 )
LEONARD F. IACONO,               )
                                 )
   Defendant / Third Party )
   Plaintiff.      )
                                 )
   v.              )
                                 )
MICHAEL MAKOWSKI,                )
                                 )
   Third Party Defendant. )

Submitted: August 25, 2020
Decided: August 26, 2020

***Upon Defendant's Application for Certification of an Interlocutory Appeal***
**DENIED**

## <u>ORDER</u>

Defendant requests certification of an interlocutory appeal to the Supreme Court of the State of Delaware of this Court's August 6, 2020 Order which granted Plaintiffs' motion to compel Defendant's tax returns subject to a confidentiality agreement/protective order. Plaintiffs oppose Defendant's request. Upon consideration of Defendant's application for certification of interlocutory appeal and Plaintiffs' response in opposition; the facts, arguments, and legal authorities set forth

in the parties' submissions; Supreme Court Rule 42; the Superior Court Rules of Civil Procedure; decisional law; and the entire record in this case, the Court hereby finds as follows:

1. This is a commercial dispute. Plaintiffs filed this civil lawsuit alleging Defendant failed to pay certain liabilities and expenses of Plaintiff Airport Equities, LLC, of which Defendant is or was a member. Defendant denies financial responsibility.

2. During discovery, Plaintiffs requested production of Defendant's state and federal tax returns from 2005 to present. Citing privacy and confidentiality concerns, Defendant objected to the request. Plaintiffs then provided Defendant with a deficiency letter which proposed a confidentiality agreement aimed at alleviating Defendant's concerns. After Defendant failed to provide the requested tax returns by the date requested in the deficiency letter, Plaintiffs filed a motion to compel and Defendant filed a response in opposition. The Court heard oral argument on the motion, and, at the Court's request, the parties filed supplemental submissions.

3. By Order dated August 6, 2020, this Court granted Plaintiffs' motion to compel, subject to a confidentiality agreement/protective order, finding:

> The documents are relevant to the claims and defenses of the parties, as they contain information relevant to Defendant's alleged membership

2

in the LLC.  In addition, the tax returns pertain only to the years during which Defendant is alleged to have been a member of the LLC and, in light of the significant financial interests at stake in this litigation, are therefore proportional to the needs of this case.  Finally, a confidentiality agreement by the parties will suffice to protect the privacy concerns arising from discovery of the documents.[1]

4.      Defendant cites three bases for approving the application.  First, Defendant argues that Delaware trial court decisions conflict on whether production of full tax returns is appropriate, with some decisions requiring the moving party to satisfy a "higher showing of relevance" and other decisions limiting production to specific portions of the tax returns.[2]  Second, Defendant argues that interlocutory review will serve considerations of justice because appeal from final judgment cannot remedy the expense, burden, and invasion of privacy caused by production of the full tax returns.

5.      Plaintiffs oppose certification of interlocutory appeal.

6.      The standard for certification of an interlocutory appeal is high:

Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources.  Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal.[3]

---

[1] Order Granting Mot. Compel Produc. Def.'s Tax Returns 3, Aug. 6, 2020, D.I. 50 (Trans. ID 65829548).
[2] Appl. Certification Interlocutory Appeal 8, D.I. 58 (Trans. ID 65853291).
[3] Supr. Ct. R. 42(b)(ii).

3

7. An interlocutory appeal may be certified by this Court pursuant to Supreme Court Rule 42 only when the appealed decision (1) "decides a substantial issue of material importance that merits appellate review before final judgment"[4] and (2) meets one or more criteria enumerated in Rule 42(b)(iii).[5] Moreover, before certifying interlocutory appeal, this Court "should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[6]

8. Defendant's application does not meet the strict standards for certification under Rule 42(b).

9. The Court's August 6 Order does not decide a substantial issue of material importance because it does not go to the merits of the case.[7] The Order addressed discovery matters, which are generally within the sound discretion of this

---

[4] Supr. Ct. R. 42(b)(i).
[5] *See* Supr. Ct. R. 42 (b)(iii).
[6] Supr. Ct. R. 42(b).
[7] *See Devon Park Bioventures, L.P. v. Deutsche Bank AG*, 2019 WL 3938523, at *2 (Del. Aug. 20, 2019) (finding interlocutory order involving discovery matters did not decide a substantial issue of material importance because it did "not go to the merits of the case"); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

4

Court.[8]  Indeed, "interlocutory appeals from discovery orders will normally be refused unless exceptional circumstances are present."[9]  The Delaware Supreme Court has observed that

> [e]xceptional circumstances may exist where the discovery order determined significant issues relating to privilege, self-incrimination, privacy, or trade secrets.  In addition, exceptional circumstances may exist where the "discovery granted in a given case . . . [is] so burdensome as to be ruinous to the party, and so disproportionate to the amount in controversy as to amount to deprivation of due process."[10]

10.     Exceptional circumstances that would merit interlocutory review of the decision do not exist in this case.  While production of tax returns implicates some privacy considerations, production will be subject to a confidentiality agreement/protective order which offsets Defendant's privacy concerns.  In addition, the number of documents comprising Defendant's tax returns might make production somewhat burdensome, but this action involves potentially significant financial sums that dwarf the costs of production.  Therefore, the discovery granted

---

[8] *See id.*; *see also McCann v. Emgee, Inc.*, 1993 WL 541922, at *1 (Del. Dec. 22, 1993) ("An interlocutory order must determine a substantial issue and establish a legal right in order for it to be appealable.  As a result of this requirement, interlocutory appeals from discovery orders will normally be refused unless exceptional circumstances are present." (citation omitted)).

[9] *McCann*, 1993 WL 541922, at *1.

[10] *Id.* (alterations in original) (citations omitted) (quoting *Pepsico, Inc. v. Pepsi-Cola Bottling Co.*, 261 A.2d 520, 521 (Del. 1969)).

5

is not so burdensome and disproportionate as to amount to a deprivation of due process.

11.     Moreover, the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal and the August 6 Order does not meet Rule 42(b)(iii) criteria. The relief granted by this Court's August 6 Order is not novel, as orders for production of tax returns pursuant to a confidentiality agreement are not uncommon in Delaware.[11] The conflict among Delaware trial courts on production of tax returns, if any, reflects the inherent discretionary nature of those decisions,[12] and the underlying *legal* standard[13] that governs the discoverability of tax returns is well-settled.[14] In addition, the Order does not grant or deny dispositive relief and interlocutory review is therefore unlikely to terminate this litigation. On the other hand, interlocutory

---

[11] *See Ross Holding & Mgmt. Co. v. Advance Realty Grp., LLC*, 2011 WL 4538084, at *1–2 (Del. Ch. Sept. 29, 2011); *Seaford Funding v. M&M Assocs.*, 1996 WL 255886, at *2 (Del. Ch. Apr. 9, 1996); *Cleveland v. Cleveland*, 1985 WL 21135, at *2 (Del. Ch. June 26, 1985) (ordering production of tax returns "under seal"); *cf. Visionaid, Inc. v. Miller*, 2013 WL 5522006, at *1 (Del. Ch. June 28, 2013) (finding tax returns discoverable yet subject to "confidential treatment").

[12] *See Devon Park Bioventures, L.P.*, 2019 WL 3938523, at *2 (noting routine discovery matters are "generally addressed to the sound discretion of the trial court").

[13] *See* Supr. Ct. R. 42(b)(iii)(B) ("The decisions of the trial courts are conflicting upon the question of *law*." (emphasis added)).

[14] *See* Super. Ct. Civ. R. 26(b) (providing the scope of discovery).

review will cause further delays of this case and require the parties to expend resources litigating an unexceptional discovery issue, a scenario that the strict standards of Rule 42(b) seek to prevent.[15]

12.     Finally, Defendant's argument that interlocutory review might foster settlement by freeing up Defendant's time to engage in activities incidental to a potential settlement agreement is unpersuasive for several reasons.     First, Defendant's time budget does not account for the time required to prepare and argue an interlocutory appeal.  Second, Defendant's theory presupposes a not-yet-reached settlement agreement.  Third, Defendant has previously refused to engage in ADR.[16] Finally, this Court's Order compelling production of Defendant's tax returns subject to a confidentiality/protective order specifically allowed for the timing of production

---

[15] *See* Supr. Ct. R. 42(b)(ii) ("Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources.").

[16] Separately, Plaintiffs filed a letter requesting that the parties be excused from mandatory ADR, citing unsuccessful attempts at informal mediation.  *See* D.I. 27 (Trans. ID 65786182).  Defendant joined Plaintiffs' request.  The Court denied the parties' request and ordered the parties to complete ADR no later than September 14, 2020.  Order 1, Aug. 3, 2020, D.I. 43 (Trans. ID 65818573).  The Court also ordered Plaintiffs' counsel to provide an ADR status report no later than October 2, 2020.  *Id.*  At the Court's request, the parties informed the Court that the parties secured an ADR practitioner to assist with ADR before the Court's September 14 deadline.  *See* D.I. 55 (Trans. ID 65844056).

to be tied to the timing of ADR such that, if ADR is successful, the documents need not be produced:

> The tax returns shall be produced within two (2) business days of the scheduled mediation. If the mediation does not take place consistent with this Court's Order dated August 3, then the tax returns shall be produced no later than September 16, 2020.
> . . .
> The discovery deadline is hereby extended until October 2, 2020. All other deadlines in the Trial Scheduling Order shall remain the same.[17]

13. Accordingly, Defendant has not shown that interlocutory review "may terminate the litigation." Supr. Ct. R. 42(b)(iii)(G).

14. Therefore, for the reasons addressed herein, interlocutory review of the routine discovery order at issue will be disruptive, will cause delay, and will not be consistent with the fair and efficient administration of justice.

**NOW, THEREFORE, this 26th day of August 2020, Defendant's application for certification of an interlocutory appeal is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[17] Order Granting Mot. Compel Produc. Def.'s Tax Returns 4.