# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TERRI HANSEN, Personal )
Representative of the Estate of )
CHARLES SECREST, )
       )
           Plaintiff, )
       )
And )
       )
BEVERLY SHINNEN, Personal )
Representative of the Estate of )
SOPHIE STAR SAKEWICZ, )       C.A. No. N21C-03-233 CEB
       )
           Plaintiff, )
       )
           v. )
       )
BRANDYWINE NURSING AND )
REHABILITATION CENTER, INC. )
A Delaware Corporation, )
       )
           Defendant. )

Submitted: February 16, 2023
Decided: February 24, 2023

## ORDER

*Upon Consideration of Defendant Brandywine Nursing and Rehabilitation Center,
Inc.'s Application for Certification of an Interlocutory Appeal,*
**DENIED.**

Neil R. Lapinski, Esquire, Phillip A. Giordano, Esquire, and Madeline R. Silverman, Esquire, GORDON, FOURNARIS & MAMMARELLA, P.A., Wilmington, Delaware. *Counsel to Terri Hansen, Personal Representative of the Estate of Charles Secrest, and Beverly Shinnen, Personal Representative of the Estate of Sophie Star Sakewicz.*

Michael C. Heyden, Jr., Esquire, and Joseph E. Brenner, Esquire, GORDON REES SCULLY MANSHUKHANI LLP, Wilmington, Delaware. *Attorneys for Defendant Brandywine Nursing and Rehabilitation Center, Inc.*

**BUTLER, R.J.**

Defendant Brandywine Nursing and Rehabilitation Center, Inc. ("BNR") requests certification of an interlocutory appeal to the Supreme Court of the State of Delaware of this Court's January 23, 2023 Opinion which denied BNR's motion to dismiss. Plaintiffs Charles Seacrest and Sophie Star Sakewicz (the "Plaintiffs") oppose BNR's request. Upon consideration of the Defendant Brandywine Nursing and Rehabilitation Center, Inc.'s application for certification of interlocutory appeal (the "Application") and response in opposition thereto; the facts, arguments, and legal authorities set forth in the parties' submissions; Supreme Court Rule 42; the Superior Court Rules of Civil Procedure; decisional law; and the entire record in this case, the Court hereby finds as follows:

1. The Plaintiffs were elderly residents of BNR. While in the care of BNR, the Plaintiffs fell ill with COVID-19 and subsequently died. The Plaintiffs allege that: (1) BNR failed to properly hire, train, or direct staff as to the proper protocols to be followed in the face of the Covid pandemic; and (2) BNR failed to follow emergent CDC guidelines concerning hygiene, segregation and visitation, and were negligent in other respects that may be uncovered during discovery.

2. After the Complaint was filed, BNR removed the case to Federal Court,[1] citing the Public Readiness and Emergency Preparedness Act (the "PREP Act").[2]

---

[1] D.I. 5.
[2] 42 U.S.C. §§ 247d-6d, 247d-6e.

BNR moved to dismiss the case in federal court, citing the PREP Act's immunity provisions.[3] After briefing, the District Court remanded the case to state court for want of federal question jurisdiction.[4]

3. BNR then moved to dismiss in this Court.[5] After briefing and argument, this Court denied the motion to dismiss the Complaint (the "Opinion").[6] The Court held that: (1) infectious disease protocols are not "covered countermeasures" under the PREP Act and therefore PREP Act immunity is not available;[7] (2) Health and Human Services ("HHS") Advisory Opinions do not broaden the meaning of the PREP Act;[8] and (3) the PREP Act did not create a new defense to standard negligence claims.[9]

4. BNR has applied for certification of an interlocutory appeal of the Opinion under Delaware Supreme Court Rule 42.[10] BNR contends that the Opinion "conflicts with other trial courts, nationally[,]" and, as an issue of first impression, necessitates binding guidance from the Supreme Court. BNR also argues that the Opinion removed an available liability defense and that the Application meets the

---

[3] *See* D.I. 6 at .pdf p. 13.
[4] *See* D.I. 6.
[5] D.I. 8.
[6] *Hansen v. Brandywine Nursing and Rehab. Ctr., Inc.*, 2023 WL 587950 (Del. Super. Jan. 23, 2023).
[7] *Id.* at *5–7.
[8] *Id.* at * 7–8.
[9] *Id.* at *8.
[10] Supr. Ct. R. 42.

criteria of Rule 42(b)(i)[11] and 42(b)(iii)(A), (B), (G), and (H).[12]  The Plaintiffs

oppose certification, arguing that the Opinion does not decide a substantial issue of

material importance[13] and satisfies none of the Rule 42(b)(iii) factors.[14]

5.  Supreme Court Rule 42(b) provides that "[n]o interlocutory appeal will

be certified by the trial court or accepted by this Court unless the order of the trial

court decides a substantial issue of material importance that merits appellate

review before a final judgment."[15]  In addition to determining whether there is a

"substantial issue of material importance," the trial court must consider: (1) the

eight factors listed in Rule 42(b)(iii);[16] (2) the most efficient and just schedule to

---

[11] Def.'s Appl. For Certification of Interlocutory Appeal ¶ 11, D.I. 22 [hereinafter "Appl."].
[12] *Id.* ¶¶ 12–20.
[13] Pls.' Opp'n to Def.'s Appl. at 5, D.I. 23.
[14] *Id.* at 6–11.
[15] Supr. Ct. R. 42(b)(i).
[16] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
 (A) The interlocutory order involves a question of law resolved for the first time in this State;
 (B) The decisions of the trial courts are conflicting upon the question of law;
 (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
 (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
 (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a

3

resolve the case; and (3) whether an why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[17] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[18]

6. As an initial matter, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[19] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided go to the merits of the case.[20] The interlocutory order must establish a legal right to be appealable.[21] "A legal right is discernable

       significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trail court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

*See* Supr. Ct. R. 42(b)(iii).

[17] *Id.*

[18] *Id.*

[19] Supr. Ct. R. 42(b)(i).

[20] *Id.*

[21] *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520, 521 (Del. 1969) ("[A]s to the appealability of interlocutory orders . . . to be appealable, there must have been the determination of a substantial issue and the establishment of a legal right." (citation omitted)); *accord Castaldo v. Pittsburgh-Des Moines Steel Co., Inc.*, 301 A.2d 87, 87 (Del. 1973) ("The oftrepeated test of the appealability of an interlocutory order is that it must determine a substantial issue and establish a legal right.").

when one of the parties' rights has been enhanced or diminished as a result of the order."[22]

7.   BNR contends that the Opinion decided a substantial issue because it "remove[d] a viable and reasonable liability defense from its purview."[23]  It is correct to say that the Opinion removed what BNR believed was a viable defense—PREP Act immunity—by finding that it was not available to BNR in this case.  The Court's Opinion was that the immunity defense was neither "viable" nor "reasonable."[24]  Rather, the Opinion recognized that the asserted immunity defense was inapplicable to this Complaint and the Opinion neither advanced nor diminished Defendant's defenses.

8.   But even if the Opinion established, or removed, a "substantial right" within the meaning of Rule 42(b)(i), the Court must also balance the factors raised by Rule 42(b)(iii).[25]

---

[22] *Northrop Grumman Innovation Sys. V. Zurich Am. Ins. Co.*, 2021 WL 772312, at *3 (Del. Super. Mar. 1, 2021), *appeal refused sub nom. Nat'l Union Fire Ins. Co. v. Northrop Grumman Innovation Sys.,* 248 A.3d 922 (Del. 2021) (TABLE) (internal quotation marks and citation omitted).
[23] Appl. ¶¶ 11, 15.
[24] *Hansen*, 2023 WL 587950, at *8.
[25] Supr. Ct. R. 42(b)(iii) ("After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of justice.").

9. This does appear to be the first Opinion in Delaware to address PREP Act immunity, but the Court merely looked to longstanding principles of statutory construction and applied the plain meaning of the PREP Act.[26] This is not a novel or uncommon practice.

10. Moreover, as discussed in the Opinion, the great weight of authority in other jurisdictions appears to align with this Court's conclusion that PREP Act immunity does not extend to standard infections disease protocols that were or were not followed.

11. Interlocutory appellate litigation on an issue decided consistent with national precedent would only further "disrupt the normal procession of litigation, cause delay, and . . . threaten to exhaust scarce party and judicial resources."[27] That cannot be said to promote justice for the parties.

12. For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. Accordingly, BNR has not met the standards for certification articulated in Rule 42.

---

[26] *Friends of H. Fletcher Brown Mansion v. City of Wilmington*, 34 A.3d 1055, 1059 (Del. 2011) ("[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed and if that is plain . . . the sole function of the courts is to enforce it according to its terms." (quoting *Caminetti v. U.S.*, 242 U.S. 470, 485 (1917)).

[27] *In re Asbestos Litig.*, 2015 WL 5692811, at *4 (Del. Super. Sept. 24, 2015).

6

## CONCLUSION

BNR's application for certification of an interlocutory appeal is therefore **DENIED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

7